ALONZO CAMPBELL *vs.* ALBERT B. SMITH et al.,
Appellants.

APPEAL FROM CIRCUIT COURT, KENOSHA COUNTY.

Heard October 6.]                    [Decided October 11, 1859.

*Stay of Proceedings—Service—Estoppel—Attorney.*

When a party endeavored to serve an order to stay proceedings on an attorney
in a cause, by going several times to his office, and being unable to make
such service because there was no person on whom the service could be
made; or because the office was locked, and the service was then made up-
on the wife of the attorney at his residence, and also upon the opposite party
himself, and upon the sheriff holding the process of sale in the case : held,
that the order was properly served, and the proceedings stayed thereby.

If a party after service of an order to stay proceedings make sale of mort-
gaged premises, and the sale be confirmed by an order of the circuit court,
the order of the circuit court should be reversed without an offer to pay the
amount which was bid for the premises, because the sale was made in con-
travention of the order to stay proceedings.

Conversations and understandings, unless acted upon by the parties, will not
estop the party from insisting upon his legal rights in the matters in liti-
gation.

This was an appeal from an order of the circuit court of
Kenosha county, confirming a sale upon a judgment of fore-
closure, of a mortgage made by the defendant, Smith.  Two
motions were made and heard at the same time.   One to
confirm the sale, made by the plaintiff; and the other by
the defendant, to set it aside.   The first of these was granted,
and the latter denied.   The remaining facts of the case suffi-
ciently appear in the opinion of the court.

*J. J. Pettit,* for the appellant.

*E. W. Evans,* for the respondent.

*By the Court,* COLE, J.   The power of the circuit judge to
grant the order staying proceedings in this cause, was not

controverted upon the argument; but it was contended on the part of the respondent, that there never was any legal service of that order on Campbell or his attorney. The circumstances under which the order was served appear from the affidavit of James M. Pettit to have been substantially as follows: James M. was a clerk in the office of J. J. Pettit, who was counsel for the appellant, on the 28th of June, 1858, and was requested, by such counsel, on that day, to make personal service of copies of the order staying proceedings, and of the affidavit, upon which such order was granted, upon Mr. Evans, the attorney of Campbell. He deposes that he went for that purpose to the office of Mr. Evans in Kenosha, about 4 o'clock P. M., of June 28th, but did not find Mr. Evans in. He was informed by Volney French, then in Mr. Evans' office, that Mr. Evans had just stepped out, and that he would probably meet him on his return. Failing to do so, he went again to Mr. Evans' office that afternoon, between 6 o'clock and sun down, to make service, and found the office closed and locked. On the next day, between 9 A. M. and noon, and also between 1 and 5 P. M., he again went to Mr. Evans' office to make service of the papers, and found the office closed and locked each time. Before sundown of that day, he again went to the office, and finding it locked, he then served copies of the papers by leaving them at Mr. Evans' residence with his wife, a person of suitable age and discretion. Furthermore it appears that the sale was advertised to take place on the 3d of July following, and that before the hour of sale, copies of the order staying proceedings, were served personally upon the respondent, and likewise upon the sheriff who made the sale; but no copies of the affidavit upon which the order was granted, were served with the order.

Under the circumstances we have no doubt but that the service of the order staying proceedings, was duly and properly made, and that the sale afterwards made was irregular,

and ought not to have been confirmed; that a sale made in direct violation of an order granted by a competent authority, staying such sale, is irregular and improper, is too plain a proposition to require argument to support it.

Mr. Evans in his affidavit filed in the cause, states that he knew nothing about the service of the papers at his residence, until some days after the sale had taken place. He further says that he was in and about his office during business hours, from the 23d day of June to the 3d of July, except from the afternoon of the 28th of June to the morning of the 30th, and that he requested George Hale to stay in his office while he was absent, and that Hale agreed to do so. Further, he says that he frequently saw J. M. and J. J. Pettit in the streets in Kenosha, between the 23d of June and the 3d of July. There is nothing in all these facts that materially affects the question as to the service of the papers, or which in any manner conflicts with the statements contained in the affidavit of J. M. Pettit relating to such service. We therefore feel compelled to hold the service of the papers upon Mr. Evans at his residence, good. We see nothing in this case which would authorize the inference that the counsel for the appellant did not make an honest effort and take more than usual pains to get personal service of the papers upon Mr. Evans at his office, and failing in this, he made service of them at his residence in compliance with subdivision two, of section three hundred and twelve, of the Code. It would be difficult for a party to make good service of papers were we to decide the one made in the present case insufficient.

It was further insisted on the part of the respondent, that the order confirming the sale ought not to be reversed because the appellant did not offer to pay the respondent the amount which he bid for the mortgaged premises. This position is untenable, for if the sale was improperly made, as we think it was, the appellant was entitled to have the same set aside as

Campbell vs. Smith.

a matter of right. It is not analogous to a case where the circuit court might impose equitable terms upon a party to be complied with, as a condition precedent to granting him a favor. Here the sale should not have been made in violation of the order staying it.

Neither do we think there is any force in the position taken by counsel, that the appellant was estopped from moving to set aside this sale in consequence of any conversations or understandings relating thereto, subsequently had between him and the respondent. The respondent states in his affidavit, that a conversation did occur between him and the appellant, and that he made a verbal proposition that Smith should have the property by paying him the amount of his decree and twenty-five per cent. interest on the same from the date of sale, and what extra costs he, the respondent, had been put to in obtaining his judgment of foreclosure. At least this, it appears was substantially the proposition made, and the respondent says that Smith remarked that it "was fair and right, and he would do so." This proposition, thus made by the respondent, is not a remarkably liberal one, and it does not appear that the appellant had any serious notion of ac- accepting it, or that the respondent was induced to do anything respecting this sale relying upon any promise or undertaking the appellant then made, and which ought to estop the latter from insisting upon his legal rights in the premises.

The conclusion at which we have arrived is, that the order of the circuit court confirming the sale in this cause, must be reversed and the cause remanded for further proceedings according to law.