June Term,
1862.

JONES vs. DOW and others.

JONES
v.
Dow et al.

Under section 29, chapter 140, R. S. 1858, a court commissioner could, by order, stay proceedings after judgment in a foreclosure suit, the trial having been by the court alone, so that, technically speaking, there had been no verdict.

APPEAL from the Circuit Court for *Walworth* County.
The case is stated by the court.
*Edson Kellogg* and *E. Wakeley*, for appellant.
*Newton S. Murphy*, for respondent.

*By the Court*, PAINE, J. This is an appeal from an order refusing to set aside a sale on a mortgage foreclosure.

One of the grounds relied on in support of the motion, was, that an order had been made by a court commissioner staying the proceedings, which was duly served but disregarded. Section 29, chap. 140, R. S., 1858, prohibits commissioners from making orders to stay proceedings after verdict. But this, being an equity case, was tried by the court, so that there was, technically speaking, no verdict. Hence it is claimed that the commissioner had power to make the order in this case. This construction is sustained by the case of *Otis vs. Spencer*, 8 Howard Pr. R., 171, and no case was cited giving the word verdict the enlarged signification contended for by the respondent. I can see no reason why a distinction should be made in this respect between cases tried before a judge who files his finding and those tried before a jury who render a verdict. If I were making the law, I should make no distinction But the legislature having confined the provision to cases in which there had been a verdict, it is sufficient to say the law is so written. We must hold that the commissioner had power to make the order, and though he erred in making it, for the reason given, that does not entitle the plaintiff or the officer to disregard it. It is a sufficient reason for setting aside a sale, that it was made in defiance of a valid order staying proceedings. *Campbell vs. Smith*, 9 Wis., 305.

The sale should have been set aside, and the order appealed from is reversed, with costs.