## WAKEMAN *vs.* PRICE.

A motion in the supreme court to vacate a master or receiver's sale of real estate, where the sale was regular, is addressed to the discretion and favor of that court, and the order made on such a motion is not, therefore, the subject of appeal to this court.

THIS was a creditor's suit instituted for the purpose of procuring satisfaction of a decree out of the equitable assets and other property of the defendant. In June, 1848, an order was made directing the receiver, appointed in the suit, to sell certain real estate of the debtor for the purpose of paying the debt. A sale was accordingly made at public auction in September, 1848, of a large amount of real estate in the city of New-York, at prices far below its value, and on that and other grounds the defendant petitioned the supreme court, at special term, to have the sale set aside. The motion was opposed by the purchaser at the sale, but was granted by the court on the terms of paying certain costs, &c. On a rehearing of the motion at a general term, the order was affirmed, and the purchaser appealed to this court.

*A. C. Bradley,* for appellant.

*M. T. Reynolds,* for respondent.

PRATT, J. The order made in the supreme court was not appealable. The precise question has been decided in tnis court, in *Hazleton* v. *Wakeman.*(a) That was an appeal from an order of the chancellor granting a motion to open the biddings at a master's sale. The appeal was dismissed on the ground that it would not lie from an order of that character. No written opinion was given in that case, but it is directly within the principle decided in several previous cases in this court. (1 *Comst.* 43; 2 *id.* 86, 269, 563; 1 *id.* 125, 533, 535.)

It is conceded that the court below have the power, under certain circumstances, to grant the relief prayed for in this case.

But such relief, where the proceedings have been regular, can not be claimed as a matter of right, but simply as a matter of favor. It must therefore rest in the discretion of the court to grant or refuse it. It is simply a question of practice in that court—as clearly so as an order granting or denying a motion to open a default, to dissolve an injunction, or to allow costs.

The same principle was finally settled in the late court for the correction of errors. (*Rowley* v. *Van Benthuysen*, 16 *Wend.* 372 ; *Rogers* v. *Hoosick*, 18 *id.* 350.) The statute conferring jurisdiction upon that court was broader and more comprehensive in its terms than the code.

The appeal in this case must therefore be dismissed with costs.

Appeal dismissed.

(*a*) Reported in 3 *Howard's Pr. Rep.* 457.