## ADAMS vs. HASKELL.

APPEAL FROM CIRCUIT COURT, JEFFERSON COUNTY.

Heard November 16, 1859.]　　　　　　[Decided December 14, 1859.

*Mortgage—Sales—Orders and Decrees—Appeal.*

After a sale of mortgaged premises by a referee, the Circuit Court, on the application of the mortgagor, ordered a resale of the mortgaged premises, and imposed other terms than the payment of the costs of the motion ; *held*, that if the terms imposed are reasonable and just, the order of the Circuit Court will be affirmed.

The rule of the English courts of chancery, that before the court will open a sale, there must be an offer of a reasonable advance upon the amount bid at the sale, does not obtain in this State ; but it rests in the sound discretion of the court.

This was an action to foreclose a mortgage; the defendants appeared and answered, and a trial was had, and judgment of foreclosure rendered against George W. Haskell and Hannah S. Haskell, for the sale of a part of the land named in the bill and mortgage, and judgment against George W. Haskell and Edward W. Haskell for the deficiency, if any, and judgment for Gilbert Allen, another defendant, for his costs.

The sale was made by a referee, at Watertown, sixteen miles from the mortgaged premises, at Jefferson ; and the agent of appellants, their attorney, and Allen, started to attend the sale, Allen having agreed to bid up to five hundred dollars for George W. Haskell, and hold the land bid in for his security, and convey to George W. Haskell in one year, upon re-payment of his bid and interest ; and Allen had with him the money, and would have been in time for the sale, but their carriage broke down in the woods, and delayed them an hour and a half; so they arrived at Watertown just after the plaintiff had bid in the mortgaged premises, for one hundred and fifty dollars, the same being worth, in cash, five or six hundred dollars. The agent, attorney and Allen immediately applied to the plaintiff and his attorney, and requested them to stipulate to re-open the sale, offering to bid five hundred dollars ; and also offered to pay plaintiff five hundred dollars, to apply on the judgment, if he would deed the land to Allen ; which offers were declined.

At the next term, upon affidavits setting forth these facts, and the other papers in the action, the appellants moved the Court to set aside the sale; and upon the hearing of the motion, the Court made the order following, from which this appeal was taken :

"A motion having been made on the part of the defendants to set aside the sale, made in this cause on the 22d day of January, 1859, and after hearing D. F. Weymouth, of counsel for defendants, and Samuel Baird, of counsel for plaintiff, it is ordered that said sale be, and the same is hereby set aside, on condition that within ten days the defendant, George W. Haskell, deposit with Daniel Hall, the referee who made said sale, the sum of five hundred and twenty-nine 68-100 dollars, dollars, as a bid for the said mortgaged premises, at the resale thereof, and pay to the plaintiff's attorneys the sum of eighteen and 83-100 dollars, the costs of sale, and costs of this motion. It is further ordered, that if the terms of this order, above mentioned, are not complied with within the time above limited, that then the report of sale, filed in this cause, be and stand, in all respects ratified and confirmed."

*D. F. Weymouth,* for the appellants.

*Baird & Skinner,* for the respondent.


*By the Court,* Cole, J.   We think the order from which this appeal is taken, must be affirmed.   There is nothing in the case tending to show that the sale was not fairly and legally made, or which created a suspicion that the purchaser, and every person connected with the sale, did not proceed in a fair, upright manner, in making it.   It appears that the sale was made at Watertown, and that the agent of the appellants, their attorneys, and one Allen, left Jefferson on the morning of the sale, to go to Watertown, to bid upon the property, Allen had agreed with the agent to bid up to five hundred dollars for George W. Haskell, and to hold the land as security for the re-payment of his bid and interest, within a year; but in consequence of the carriage breaking down, these parties did not reach Watertown until after the sale had

taken place. This was an unavoidable accident, for which no one connected with this case was probably responsible; so there was really no legal objection to confirming the sale. But the Circuit Court, upon application, thought proper to order a re-sale, upon the conditions named in the order. This was a very sound exercise of discretion, under the circumstances, and we think the terms imposed reasonable and just.

The counsel for the appellants insists that the court should have imposed no terms, except the payment of costs and interest. Had the court ordered a re-sale upon such terms and conditions, the purchaser might well have said they were not just and equitable. The practice of the English Court of Chancery, to open biddings upon a master's sale, before the confirmation of the report, upon the offer of a reasonable advance upon the amount bid, has not obtained in this country. *Duncan vs. Dodd*, 2 Paige, 99. Here the sale is only set aside in special cases, and then upon such terms as the court deems right and proper.

The order of the Circuit Court is affirmed.

DIXON, C. J., took no part in the decision of this case, as the same was tried before him, at the Circuit.