James Nugent v. Daniel Nugent and Emanuel Nugent.

*Re-opening foreclosure sale.*

1. Re-opening a foreclosure sale is so far within the discretion of the trial court that the Supreme Court is not disposed to disturb an order permitting it, where the discretion has not been abused.

2. A foreclosure sale may properly be re-opened for want of notice of the order for sale, or of the confirmation thereof, and for gross inadequacy of price, especially if the petitioner for a re-sale gives bonds to produce a purchaser at a higher price.

3. Where a mortgagee is the purchaser on foreclosure, and the sale is objected to for inadequacy of price, objections to re-opening it are open to scrutiny.

Appeal from Kent. (Montgomery, J.) June 20.—Sept. 23.

Foreclosure bill : petition to set aside sale. Complainant appeals. Affirmed.

*James Nugent,* in person, and *T. J. O'Brien* for complainant. Where there is no fraud, misconduct or surprise that should invalidate a sale, it will not be set aside : *White v. Coulter* 1 Hun 608 ; *Duncan v. Dodd* 2 Paige 99 ; *Whitbeck v. Rowe* 25 Howard Pr. 403 ; *McCotter v. Jay* 30 N. Y. 80 ; *Am. Ins. Co. v. Oakely* 9 Paige 259 ; in New York neither before nor after the confirmation of the report of the sale will a re-sale be ordered upon an offer of an increase of price alone : *Lefevre v. Laraway* 22 Barb. 167 ; see also *West v. Davis* 4 McL. 241 ; *Morice v. Bishop of Durham* 11 Ves. Jr. 57 ; *White v. Wilson* 14 Ves. Jr. 151 ; *Williamson v. Dale* 3 Johns. Ch. 290 ; a much stronger case must be made to set aside a sale under a decree in chancery, after confirmation of the report of the sale than before : *Bullard v. Green* 10 Mich. 268.

*Taggart & Wolcott* for defendants. Inadequacy of price, surprise or misapprehension are all good grounds for setting aside a sale when a party moves in a reasonable time : Rorer on Judicial Sales, §§ 398, 404, 411, 421, 422, 423 ; *May v. May* 11 Paige 201 ; *Williamson v. Dale* 3 Johns. Ch. 292 ; *Tripp v. Cook* 26 Wend. 143 ; *Hubbard v. Taylor* 49 Wis. 70 ; *Kemp v. Hein* 48 Wis. 32 ; whether the misapprehen-

sion is caused by the purchaser or others, it will be ground
for setting the sale aside : *Strong v. Catton* 1 Wis. 471; *Col-
lier v. Whipple* 13 Wend. 225.

SHERWOOD, J   This case is an appeal from the order of
the Kent circuit court in chancery, setting aside a sale made
upon the foreclosure of a mortgage upon real estate.   The
sale was made September 6, 1883, and the complainant
became the purchaser, on the sale of the premises, for.
$946.64, that being the amount due on the decree ; and on
filing the commissioner's report of sale, the usual order of
confirmation was entered, but no notice of the sale or of the
order was ever served on the defendant or his solicitor.

On the 17th of September following, the defendant,
Emanuel Nugent, made and presented his petition, asking
that the sale be set aside for the reasons (1) that the property
was advertised and sold without his knowledge ; (2) that the
property was sold at too great a sacrifice ; (3) that the costs
in the case were never taxed, or, if they were, he had no
notice of the taxation, and his solicitor had never advised
him of the proceedings to sale ; (4) that he would have
redeemed the property from the decree before, but for the
reason that an effort was then being made in a chancery
proceeding to subject his title to the land to the satisfaction
of another pretended lien, by way of execution, on the
ground of fraud ; (5) that the land was worth $3000, and
that, subject to the life-estate of his mother, it was worth at
least $2000, and offered to give security to find a purchaser
who would give $500 more for the property than it was bid
off at on the sale.

An order, it seems, was made by the court upon this peti-
tion denying the prayer of petitioner, but never entered, and
on the 19th of October following the same defendant made
application to vacate the order announced as aforesaid, and
for an order directing a re-sale of the property, and based
the application upon the following facts, viz. :

" 1st.  Because the affidavits read upon said first application
to set aside said sale as to the value of said mortgaged prop-

erty were a surprise to this defendant, and he had no opportunity of replying thereto, and the same were not in accordance with the facts.

2d. Because the sale made under decree in this cause was without the knowledge of this defendant or his solicitors, and the property was sold to complainant for less than one-half its real value, and the defendant was surprised by such sale.

3d. Because said sale was made before the costs were taxed herein or any valid taxation thereof made, and this defendant was misled by a sale made before the taxation of costs herein.

4th. Because there was a misunderstanding of counsel for complainant and this defendant, which led this defendant and his counsel to believe that no sale was advertised or had, and they had no knowledge thereof until the day when the first application to set aside said sale was actually made.

5th. Because defendant, Emanuel Nugent, had filed his bond to the register of this court in the penal sum of $1500, with sureties, conditioned to raise the bid actually made, in the sum of $500, and to vary such bond in form as the court may direct, and has offered.to raise the bid on said premises to $2300, subject to life-leases thereon.

6th. Because this defendant and his counsel were misled to believe no sale would be made when made, by the filing of a bill at the instigation \of complainant litigating the title of this defendant to said premises.

7th. Because this defendant is greatly damaged by said sale, and suffers great loss if the same is allowed to stand, and it operates as a fraud upon him, and the same is irregular."

A large number of affidavits were presented for and against the motion of defendant, but after a full hearing and careful consideration given to the matter of the application the circuit judge granted the motion for a re-sale of the premises, and made an order accordingly.

I do not think the order made should be disturbed. There is a great discrepancy as to the value of the premises between the affidavits of the two parties, but the circuit judge has found against the complainant on the showing made, and from the record I think his conclusions well supported. The question presented is one resting largely in the discretion of

the court, and we should not interfere unless it satisfactorily appears such discretion has been misused. No notice of the order asked to be vacated, or of the order of sale or confirmation, had been given the defendant, and the defendant has taken his remedy at the first opportunity after such notice. In such a case less showing is required to set aside a sale than after confirmation and notice thereof, and the sale becomes absolute under the rules. The grounds upon which the defendant bases his motion are good, and when made in time and properly supported are usually sufficient to secure the relief asked.

In this case the property was bid in by the mortgagee. In such case the court will look closely to the objections to the order for a re-sale, based upon the ground of inadequacy of price bid. In this case the applicant accompanies his motion with an offer to pay $2300 for the property on a re-sale, as against $1400 bid on the first sale. The order permitting this to be done, under the showing made, we think, was proper, and should be

Affirmed with costs.

The other Justices concurred.