STATE *ex rel.* KUNZ V. CAMPBELL, Judge.

1. The practice of courts of equity, requiring confirmation of judicial sales may properly be followed in sales on foreclosure of mortgages by action under the statutes of this state; and a report of the sale to, and its confirmation by, the court is proper, whether indispensable or not under our system of foreclosure by action.

2. Courts exercising equity powers have a general supervision over their process, and more especially over sales made under their decrees, and they may confirm or set aside sales made under such decrees, either on motion when made by parties interested, or upon their own motion when, in their opinion, justice demands that such action be taken.

3. The question of whether or not a sale made under a decree of foreclosure should be confirmed, rejected, or set aside, and a resale ordered, is within the sound judicial discretion of the court; and an order setting aside such sale, and ordering a resale, may be made by the court when, in its opinion, the price bid for the property is so inadequate as to work injustice to the parties, though the proceedings on the sale may have been regular, and the sale fairly made.

4. Where a bid is made for certain real property on a mortgage foreclosure sale made under a decree of the court, and on motion of plaintiff's attorney it is set aside by the court, and a resale ordered, upon the ground that the price bid was inadequate, such order, though made without notice to the bidder, is valid and binding upon all parties to the action, including the bidder at the sale, and no order confirming such sale can be made while such order is in force.

5. The bidder in such case makes his bid subject to the reserved power of the court to reject the sale, and order a resale of the property, in the exercise of its judicial discretion and when, in its opinion, justice demands such action.

6. Where a sale made under the decree of the court has been set aside by the court and a resale ordered, and a resale has been properly made under such order, and confirmed by the court, the court cannot make a valid order confirming the first sale so vacated and set aside, while the order setting aside the first sale, and the order confirming the resale, are in force; and the order assuming to confirm the first sale is void, and will be annulled in certiorari proceedings.

(Syllabus by the Court.   Opinion filed Sept. 1, 1894.)

Petition by the State of South Dakota, on relation of M. Kunz, for a writ of certiorari to review the action of A. W.

Campbell, judge of the fifth judicial circuit of South Dakota, in confirming an execution sale to Lucetta R. Miller on foreclosure of a mortgage. Writ granted and upon the return thereof the order of confirmation set aside and vacated.

The facts are stated in the opinion.

*T. H. Null*, for plaintiff.

*A. B. Melville*, for defendant and Lucetta R. Miller.

CORSON, P. J. From the return made to the writ of certiorari in the above-entitled action it appears: That on October 2, 1891, a judgment of foreclosure was made and entered in the circuit court of Beadle county, in an action wherein M. Kunz, the plaintiff herein was plaintiff, and Ann Eliza Miller, Medad Miller, Lewis W. Hazen, and John A. Fowler were defendants. That on November 10, 1891, a sale of the mortgaged premises, consisting of several separate tracts of land, was made, under which one Lucetta R. Miller bid in the N. E. ¼ of section 19, township No. 110, range 65, in Beadle county, for the sum of $800; and that the same was struck off to her, and that the sale was duly reported to the court. That on December 10, 1891, Mr. Null, attorney for the plaintiff in that action, made an affidavit from which it appears that the said quarter section was reasonably worth the sum of $1,600, and that he was authorized by his client, in case a resale of said quarter section was ordered, to bid at least $1,500 for the same, and prayed that a resale might be ordered. Upon said affidavit the court, on the same day, made an order setting aside the sale as to the said quarter section, but confirmed the sale as to the other mortgaged property. So much of this order as is material to the question in controversy, after the usual recitals, is as follows: "It is hereby ordered that the sale under said special execution had upon the 10th day of November, 1891, so far as the same relates to the said tract of land struck off and sold to Lucetta R. Miller, be and the same is hereby, in all things set aside; and the said sheriff is hereby

directed to proceed under said special execution, or any alias execution that may be necessary for that purpose, and after having given the notice, and caused the publication to be made, as re quired by law in the first instance, and sell the said tract of land at public auction to the highest bidder for cash." That thereafter, on February 1, 1892, upon due notice given, the said quarter section was resold, and bid in by the plaintiff in this action for the sum of $1,600, and which sale was duly reported to the court, and was thereafter confirmed by the court, and a sheriff's certificate issued to the said plaintiff, and the said $1,600 credited upon the judgment of the plaintiff. No further proceedings were had in said action until October 1892, when a motion was served upon plaintiff's attorney by A. B. Melville, Esq., as attorney for Lucetta R. Miller, of a motion to confirm the sale made to said Lucetta R. Miller on November 10, 1891. Upon the hearing of this motion the circuit court on January 27, 1893, made an error, the material part of which is as follows: "It is hereby ordered that the sheriff's sale of the N. E. quarter of section 19, township 110, range 65, in Beadle county, made on the 10th day of November, 1891, at the hour of ten o'clock in the forenoon of that day, and bid off by Lucetta R. Miller, be, and the same is hereby, in all things confirmed; and the sheriff of Beadle county is hereby directed to deliver to the said Lucetta R. Miller a certificate of sale of said land under said foreclosure proceedings bearing date November 10th, 1891, upon said Lucetta R. Miller, paying to him, or to the clerk of the court for him, the sum of ($800) eight hundred dollars, with interest thereon at the rate of seven per cent. (7) from the 10th day of Nov., 1891, to the day of the payment to the sheriff, or to the day of deposit in the office of the clerk of the circuit court in and for the county of Beadle. Said money shall be paid to the clerk or to the sheriff within thirty days from the date of this order. By the Court, A. W. Campbell, Judge Presiding. Date January 27, 1893." No order was made setting aside or vacating the order of Decem-

ber 10, 1891, vacating and setting aside the sale of the quarter section in controversy to Lucetta R. Miller, and directing that said quarter section be resold, and under which the resale to the plaintiff was made, or of the order confirming the latter sale; no appeal was taken from the order of December 10, 1891, or the order confirming the sale, nor were they, so far as the record discloses, in any manner vacated or set aside or modified; so that when the order of January 27, 1893, was made, the original order vacating the sale and ordering a resale, and order confirming the resale, were in full force and effect.

The question, therefore, presented by the return is: Did the court have jurisdiction to make the order of January 27, 1893, confirming the sale to Lucetta R. Miller of November 10, 1891, which had been vacated and set aside by the order of December 10, 1891, and under which a resale had been made and confirmed by the court? It is contended by the counsel for the plaintiff that the court exceeded its jurisdiction in making the last order, and that the same is null and void. Counsel for Lucetta R. Miller contends that the court still had jurisdiction of the subject-matter and the parties, and that it therefore had jurisdiction to make the order, and that it is therefore a valid and binding order. The sections of the statute applicable are as follows: Section 5507: "A writ of certiorari may be granted by the supreme and district courts, when inferior courts, officers, boards or tribunals have exceeded their jurisdiction; and there is no writ of error or appeal, nor, in the judgment of the court, any other plain, speedy and adequate remedy." Section 5513: "The review upon this writ cannot be extended further than to determine whether the inferior court, tribunal, board or officer, has regularly pursued the authority of such court, tribunal, board or officer." If the circuit court, therefore, exceeded its jurisdiction or failed to pursue the authority of such court in making the order of January 27, 1893, confirming the sale made to Lucetta R. Miller on November 10, 1891, its proceedings must be set aside. The theory of the

court in making the order of January 27, 1893, evidently was
that his order of December 10, 1891, vacating and setting aside
the sale, and his order confirming the resale, were void orders.
If the orders were absolutely void, and not simply irregular,
no order setting them aside was required. It will therefore be
necessary to determine, first, the nature of these orders and
the authority of the court to make them. The sale in that case
was made upon a judgment of foreclosure of a mortgage, and
under a special execution or order of sale, and was made by
the sheriff, not as sheriff, but as a person appointed by the
court for that purpose. Such a sale, when confirmed, is a ju-
dicial sale, and is made under the supervision of the court.
Our statute in relation to the foreclosure of mortgages by ac-
tion has made no provision for a report of the sale to the court
by the officer making the same, or for the confirmation of the
sale by the court; but we are of the opinion that the general
practice of courts of equity in making judicial sales is applica-
ble to sales on foreclosure of mortgages by action under our
statute, and that a report of the sale should be made to, and
confirmed by, the court. A report of the sale to the court, and
its confirmation by the court, is proper, if not indispensable,
under our system of foreclosure by action. Demoray v. Little,
17 Mich. 396.

Mr, Wiltsie, in his work on Mortgage Foreclosures says:
"The plaintiff having duly procured the judgment of foreclos-
ure and sale, and entered the same, is entitled to proceed to
have the mortgaged premises sold for the payment of his debt.
A sale under such decree is, in contemplation of law, the act of
the court, although it may be made through the instrumental-
ity of some officer designated by statute or appointed by the
court. When the sale is confirmed, it becomes the act of the
court, or, in other words, is a judicial sale; but until such con-
firmation there is no judicial sale, and no title passes to the
purchaser.  *  *  *  The sale may be made by a master in
chancery, a referee, trustee, commissioner, or sheriff; and in

the federal courts it is usually made by a United States marshal, or by a referee specially appointed for that purpose. Whatever name may be given to the officer who makes the sale, he acts as the agent of the court, and must report his proceedings in the execution of its decrees. And it has been said that the sheriff or other officer to whom the decree of sale is committed, may conduct the sale, though his term of office will expire before the sale can be completed. * * * But, on a sale of mortgaged premises by a referee, all the proceedings, from the order appointing the referee up to the final confirmation of his report of sale, including the passing of title to the vendee, and the distribution of the proceeds of the sale to the persons entitled thereto, are under the direction and control of the court; and the court can stay the sale, or confirm or reject the referee's report, as law and justice may require. Wiltsie, Mortg. Forec. § 469. Courts exercising equity powers have a general supervision over their process, and more especially over sales made under their decrees; and they may confirm or set aside sales made under such decrees, either on motion, when made by parties, or upon their own motion when, in their opinion justice demands that such action be taken. Ror. Jud. Sales, § 545; Goodell v. Harrington 76 N. Y. 547; Hale v. Clausen, 60 N. Y. 339; Nugent v. Nugent, 54 Mich. 557, 20 N. W. 584; Adams v. Haskell, 10 Wis. 123; Crane v. Stiger, 58 N. Y. 625. In Goodell v. Harrington, *supra*, the court below set aside an order of sale, and directed a resale of the premises. An appeal was taken to the court of appeals. The court (Church, C. J.), in deciding the case said: "The question whether a resale should be ordered was discretionary with the court below, and the order providing for such resale is not, therefore, upon the merits, appealable to this court." Mr. Wiltsie, in the work before referred to, says: "The supreme court, having control over its own judgments and all proceedings thereunder, and having power to exercise this control at

the instance of any person whose rights are injuriously affected by such proceedings, has power to set aside and vacate a sale of land made under a judgment upon a foreclosure of a mortgage by an officer thereof, and to order a resale, although there may be no fraud, and the sale was regular in all respects. An application for a resale is always addressed to the sound discretion of the court of original jurisdiction, and an order granting or denying such a resale is not appealable. The court held in Wakeman v. Price, 3 N. Y. 334, that "such relief, where the proceedings have been regular, cannot be claimed as a matter of right, but simply as a matter of favor. It must, therefore, rest in the discretion of the court to grant or refuse it. It is simply a question of practice in the lower court, as clearly so as an order granting or denying a motion to open a default, to dissolve an injunction, or to allow costs." Wiltsie, Mortg. Forec. § 529; Rowley v. Van Benthuysen, 16 Wend. 372; Rogers v, Hosack, 18 Wend. 350.

It is contended that as there was no showing made by the plaintiff to set aside the sale of November 10, 1891, the same was not fairly and regularly made; that the court could not legally vacate and set aside the sale; and that his order of December 10th, setting aside the sale made to Lucetta R. Miller, was a nulity. This, as we have stated, was evidently the theory upon which the court proceeded in making the order of January 27, 1893. But in this we think the court and counsel were clearly in error. The confirmation or reporting of the sale is, in our opinion, in the discretion of the court; and although the sale may be regularly and fairly made, yet if the price for which the sale was made, in the opinion of the court, is clearly inadequate, it is not only in the discretion of the court to set aside and vacate the sale, but it is his duty to do so. In Adams v. Haskell, *supra*, the court says: "We think the order from which this appeal is taken must be affirmed. There is nothing in the case tending to show that the sale was not fairly and legally made, or which created a

suspicion that the purchaser, and every person connected with the sale, did not proceed in a fair, upright manner in making it. * * * But the circuit court, upon application, thought proper to order a resale upon the conditions named in the order. This was a very sound exercise of discretion, under the circumstances, and we think the terms imposed reasonable and just." In Hale v. Clausen, *supra*, the court says: "The supreme court has power to set aside and vacate a sale of land made upon a judgment of foreclosure of a mortgage, or pursuant to any order of the court by an officer thereof, and to order a resale, although there is no fraud, and the sale is in all respects regular. The application for relief against a judicial sale is addressed to the court of original jurisdiction, and no appeal lies to this court from an order made in the exercise of such discretion,"—citing Hazleton v. Wakeman, 3 How. Pr. 357; Wakeman v. Price, 3 N. Y. 334; Bank v. Reynolds, 33 N. Y. 160; Dows v. Congdon, 28 N. Y. 132; In Nugent v. Nugent, 54 Mich. 557, 20 N. W. 584, the court set aside the sale, and ordered a resale, mainly, as appears from the decision, on the ground of inadequacy of price for which the sale was made, and an offer on the part of the defendant to procure a much higher bid, namely, $2,300 instead of $1,400, for which the property was sold, being made. In that case the court says: "I do not think the order made should be disturbed. There is a great discrepancy as to the value of the premises between the affidavits of the two parties; but the circuit judge has found against the complainant on the showing made, and from the record I think his conclusions well supported. The question presented is one resting largely in the discretion of the court, and we should not interfere unless it satisfactorily appears such discretion has been misused. * * * In this case the property was bid in by the mortgagee. In such case the court will look closely to the objections to the order for a resale, based upon the grounds of inadequacy of price bid. In this case the applicant accompanies his motion with an offer to pay $2,300

for the property on a resale, as against $1,400 bid on the first sale. The order permitting this to be done, under the showing made, we think was proper, and should be affirmed, with costs.''

In the case at bar the inadequacy of price was clearly show by the affidavit of Mr. Null, in that the sale was made for $800, when his client was ready to pay $1,500; and, as shown by the report of the second sale, he actually bid $1,600, for which the quarter section was struck off to him. The court in our judgment, therefore, not only legally but very properly exercised its discretion in vacating and setting aside the sale, if the matter was properly before it for the purposes of the order. In our opinion it was. The court had jurisdiction of the subject-matter and of the parties to the original action. It was exercising jurisdiction in a proceeding properly before the court. The matter of confirming the sale was a matter upon which the court was required to act by either confirming or setting aside the sale. The plaintiff was represented by her attorney, Mr. Null; the defendants had failed to appear, and were not, therefore, entitled to notice. Undoubtedly, as a question of practice, Lucetta R. Miller, the bidder at the sale, should have had notice of the motion to vacate and set aside the sale made to her, but the order made was valid, though made without notice to her. Nugent v. Nugent, *supra*. The purchaser, Lucetta R. Miller, had no absolute legal right to notice. She stood in the position of her grantors, the defendants in the action. The relation of a stranger who purchases at a sale upon a mortgage foreclosure is thus stated by the court of appeals of New York, in Hale v. Clausen, 60 N. Y. 339. ''The supreme court has power to set aside and vacate a sale of lands made under a judgment upon a foreclosure of a mortgage, or pursuant to an order of the court by an officer thereof, and to order a resale, although there be no fraud, and the sale is in all respects regular. * * * It is claimed, however, that other parties, strangers to the judgment, and not to

the sale under it, have become the *bona fide* purchasers and grantees of the premises from the purchaser at the sheriff's sale, and that, therefore, the case is taken out of the rule; and that the court had lost jurisdiction to interfere with the sale upon a summary applicaiion. If the court had jurisdiction of the parties interested in maintaining the sale, it had the same power to do equity, and could as well protect and preserve the equitable rights of all upon a motion addressed to its legal discretion as could be done by a formal action on the equity side of the court. A purchaser at a sheriff's sale, although a stranger to the judgment or decree, by his purchase submits himself to the jurisdiction of the court in respect to the sale and purchase. Cazet v. Hubbell, 36 N. Y. 677; May v. May, 11 Paige 201. All acquiring title from and under him take subject to the same jurisdiction. A conveyance to a *bona fide* purchaser may be a circumstance which will influence the court in the exercise of its discretion, but does not take away jurisdiction. A grantee takes the place of his grantor, and consents to the same jurisdiction, under and subject to which the title is held. He has notice of the source of his grantor's title, and knowledge of the power of the courts over titles thus acquired, and takes no better or more perfect title, as against the interference of the court than his grantor had."

Lucetta R. Miller, by her bid, acquired no right or title to the property. She made her bid subject to its acceptance or rejection by the court, and the court, in rejecting it and ordering a resale, simply exercised the right reserved to it, and could legally make its order upon an ex parte proceeding. While such a practice is not commendable, it does not render the court's order void. The order of December 10, 1891, vacating and setting aside the sale of November 10, 1891, and directing a resale, being a valid order, and the order confirming such sale being valid, it follows that the proceedings of January 27, 1893, confirming the sale of November 10th, were clearly without the jurisdiction of the court. There was no sale to con-

firm. The supposed sale had been set aside and vacated, and it no longer existed or could be confirmed. The property had been sold to another party, and that sale confirmed, and had became a judicial subsisting sale. So long as the order of December 10th remained in force, the sale of the quarter section made on November 10th was as though it had never been. There was therefore no sale to Lucetta R. Miller to confirm, and the court had no jurisdiction to confirm a sale that had previously been set aside and vacated, and the property on a resale bid in by another party, and his sale confirmed. In assuming, therefore, to confirm such a sale, the court clearly exceeded its jurisdiction, and its order made January 27th, purporting to confirm the same, was clearly unauthorized and void. Our conclusion is, therefore, that the order made January 27, 1893, in the action wherein M. Kunz was made plaintiff and Ann Eliza Miller, Medad V. Miller, Lewis W. Hazen, and John W. Fowler were defendants, must be declared null and void, and that a judgment vacating and annulling the same should be entered; and it is so ordered.