## STACY v. SMITH *et al.*

An agent of the holder of a mortgage, who was a nonresident, forwarded the mortgage, for foreclosure under a power of sale, to one of two claimants of the office of sheriff, under the mistaken belief that he was the legal sheriff. The other claimant, who was in fact the legal incumbent, without authority of the owner of the mortgage, and without possession of any of the papers in the matter, proceeded to sell the property in accordance with the published notice of foreclosure, and, while it was of the value of $600, sold it for $10.60, the amount of his costs and expenses. *Held,* that such sale would be set aside on the grounds of mistake and gross inadequacy of price.

(Opinion filed July 29, 1896.)

Appeal from circuit court, Sully county. Hon. LORING E. GAFFY, Judge.

Action to foreclose a mortgage and to cancel certain certificates of sale made on foreclosure by advertisement.

Plaintiff had judgment, and from such judgment and an order denying a new trial, defendants appeal. Affirmed.

The facts are stated in the opinion.

*Shunk & Rowe, McMillan & Dunlap, Davis, Lyon & Gates* and *Albert Gunderson,* for appellants.

*Crawford & DeLand,* for respondent.

While inadequacy of price alone is not deemed a sufficient ground for setting aside a sale where everything else is straightforward, yet where it is so gross as to be evidence of actual fraud, and where the inequality is so great and manifest as to shock the conscience and confound the judgment of any man of common sense, the courts recognize it as a sufficient ground for setting aside a sale. Osgood v. Franklin, 2 Johns Ch., 23; Howell v. Baker, 4 Id. 122; Wiltsie on Mortg. Forecl., 904; Holdsworth v. Shann, 21 S. W. 88; Requa v. Rea, 2 Paige's Ch. 339; May v. May, 11 Id. 200; Jencks v. Alexander, 11 Id. 620. See also, Vail v. Jacobs, 62 Mo. 130; Webber v. Curtiss, 104 Ill., 309; Littell v. Grady, 38 Ark. 584; Klepping v. Stettmocker, 21 N. J. Eq. 328; Seaman v. Riggins, 2 Id. 214. Inadequacy of price coupled with some other excuse, such as surprise, ignorance, mistake or inadvertence, will annul a sale. O'Donnel v. Lindsay, 39 N. Y. Sup. Ct., 532; Wiltsie on Mortg. Forecl. § 543; Griffith v. Hadley, 10 Bosw. 587; Haynes v. Bachman, 31 Pac. 745; Gould v. Goyer, 18 Abb. Pr., 32; Le Fevre v. Laroway, 22 Barb. 167; Am. Ins. Co. v. Oakley, 9 Paige's, Ch. 259; Walcott v. Schenck, 23 How. Pr. 385; King v. Platt, 37 N. Y. 160; King v. Morris, 2 Abb. Pr. 296; Francis v. Church, Clark's Ch. 475.

CORSON, P. J. This was an action to foreclose a mortgage, and to cancel two certificates of sale made on a foreclosure by advertisement. Judgment was rendered for the plaintiff, and from the judgment and order denying a new trial the defendants appeal.

The facts, briefly stated, are that defendants Haskins and wife executed a note and mortgage to one C. A. Kibbling, bear-

ing date October 30, 1885. The mortgage was upon land in Sully county and contained the usual power of sale on default in the payment of the note. In 1886 this note and mortgage were transferred to the plaintiff, who was a resident of the state of Vermont. In 1892, the said note not having been paid, the plaintiff instructed his attorney, C. H. Walworth, Esq., a resident of Omaha City, Neb., to proceed and foreclose said mortgage. The said Walworth thereupon prepared a notice of sale, in the usual form. This notice was published, and a sale was made thereunder by one Albert A. Faust, who claimed to be the sheriff of Sully county; and the property was bid in by an agent of the plaintiff for the sum of about $850, the full amount of the principal and interest due on the note and costs. On the same day and at about the same hour, one Daniel M. Smith, who also claimed to be the sheriff of said Sully county, made a sale of said property, under the same notice, for the sum of $10.60, to one Simmons, and issued to him the usual certificate of sale, and subsequently made and executed a deed for said property. It is under this deed that the principal defendant herein claims title as the grantee of said Simmons. Subsequently a contest then pending between the said Faust and the said Smith as to the right to the office of sheriff of Sully county was decided in favor of said Smith. The court finds that the plaintiff, through his authorized agents, in good faith, requested said Faust, who assumed to act as sheriff of said county, to act as auctioneer in making said sale, and, in good faith, made said bid for the same, but it finds "that the aforesaid purported sale by the defendant Albert A. Faust, and the aforesaid certificates and affidavits of sale executed by him, were invalid, and without force and effect, for the reason that the said Albert A. Faust was not in truth and fact the sheriff of said Sully county at the time he assumed to make said sale as such." This finding is not excepted to by the defendants, and hence will be accepted as conclusive as to the invalidity of the Faust sale. The court finds as to the Smith sale as fol-

lows: "The court further finds that at the hour of two o'clock p. m. on the said 25th day of April, 1892, the defendant Daniel M. Smith appeared at the place named in said notice of sale, and undertook to sell said land; that the said defendant Daniel M. Smith did not have, at the time of offering said land, said note and mortgage in his possession, or any affidavit of the publisher showing the publication of said notice of sale, and had not been authorized in any manner by the plaintiff to make said sale, but the said defendant Daniel M. Smith had been notified by the plaintiff, through his duly authorized agent, that the plaintiff did not desire him to make said sale; that without any authority from the plaintiff, and against the wish of the plaintiff, the defendant Daniel M. Smith then and there offered said land for sale, and the defendant Tazewell M. Simmons, with knowledge of the fact that the defendant Daniel M. Smith had no authority whatever to sell said land, or to offer the same for sale, then and there offered the sum of 10 and 60-100ths dollars for said land, and the said defendant Daniel M. Smith then and there pretended to strike off and sell said land to the said defendant Tazewell M. Simmons for the said sum of 10 and 60-100ths dollars." The court further finds that the aforesaid purported sale of said property by the "said Daniel M. Smith to the defendant Simmons was without any authority from the plaintiff, and was wholly unauthorized, invalid, and of no force and effect." The court also finds "that the acts of the defendant Daniel M. Smith in attempting to make said sale, and the act of the defendant Tazewell M. Simmons in attempting to purchase the same, and the acts of said defendants in executing and filing the said certificate of sale and duplicate thereof, and affidavit of sale, amounted to a fraud and were in fact a fraud, upon the rights of the plaintiff herein; and the aforesaid certificate of sale and duplicate thereof, and affidavit of sale, made and executed by the said Daniel M. Smith as aforesaid, are of no force and. effect, and the same, with the record thereof, should be cancelled and held for naught."

These latter findings were excepted to as not supported by the evidence, and the evidence will be briefly considered as bearing upon these findings.

It appears from the evidence that Faust had, for some years prior to this sale, been the sheriff of Sully county. It also appears that, in previous years, Walworth, as attorney for various parties, had foreclosed mortgages in Sully county, and that Faust, as sheriff, had made the sales. Walworth, at the time of giving the notice of sale, and at the time of the sale, had no knowledge that there was any question as to Faust's title to the office of sheriff. Walworth forwarded the notice of sale to Mr. J. H. Gropengeiser, then editor of the Sully County Watchman, a newspaper published in that county, and requested him to have Mr. Faust make the sale and to bid in the property for the plaintiff for the full amount due on the note—principal, interest and costs. Mr. Gropengeiser, when the time for publication had expired, handed the notice and affidavit of publication to Mr. Meloon, an attorney in Sully county, and requested him to attend the sale and bid in the property for the plaintiff. Mr. Meloon took the papers to Mr. Faust, who made the sale as sheriff, and Mr. Meloon bid in the property. Prior to the sale, Mr. Smith, as sheriff, requested the papers from Mr. Meloon, and also from Mr. Gropengeiser; but they both refused to allow him to have the notice of sale and affidavit of publication, and informed him that they did not wish him to make the sale, and while he was making the sale Mr. Meloon protested against the sale. The findings of the court are, in our opinion, therefore, fully sustained by the evidence, as to the facts found; and the conclusion of law that the sale by Smith was invalid, and of no force and effect, will be subsequently referred to.

The court finds that Simmons and the intervening defendant, who claims to be grantee of the said Simmons, had full notice of all the facts connected with the sale. In the view we take of the case, it will not be necessary to determine whether or not Smith had authority to sell, under the statute, as we are

clearly of the opinion that this sale must be held invalid on the ground that there was such a gross inadequacy of consideration, accompanied by such a mistake on the part of the plaintiff and his agents, as to justify the court below in holding the sale invalid, and of no force and effect in equity. The court finds that the property was, at the time of the sale, of the value of $600; yet the sale made by Smith was for $10.60—about one-sixtieth of its value, and just the amount of the sheriff's fees, and the fee for recording the certificate of sale. No court of equity would permit such a sale to stand, if challenged by parties interested, especially when made under a power of sale, unless forced to do so by the well-established rules of equity. In State v. Campbell, 5 S. D. 636, 60 N. W. 34, this court had occasion to fully consider the power of the court to set aside judicial sales on the ground of inadequacy of the price bid, and it says: "The confirmation or reporting of the sale is, in our opinion, in the discretion of the court; and, although the sale may be regularly and fairly made, yet if the price for which the sale was made, in the opinion of the court, is clearly inadequate, it is not only in the discretion of the court to set it aside and vacate the sale, but it is its duty to do so." While the question now presented is quite different from the one discussed in that case, the principle enunciated is undoubtedly applicable to this case. A court of equity, in the exercise of its equitable powers, will scrutinize with care sales made under powers of sale contained in the mortgage; and, where there is great inadequacy of consideration, it will be astute in extracting from the facts of the case sufficient to justify annulling the sale. O'Donnell v. Lindsay, 39 N. Y. Super. Ct. 523; King v. Platt, 37 N. Y. 155. In the former case the court says: "The general rule must be observed, that to set aside a sale there must, in addition to inadequacy of consideration, be some other circumstance, e. g. surprise, ignorance, inadvertence. It will be seen, however, in the cases, that a great inadequacy has refined the ingenuity of the learned judges in extracting from the

facts of the cases sufficient to justify annulling the sale.   Griffith v. Hadley, 10 Bosw. 588; King v. Platt, 37 N. Y. 155; Dwight's Case, 15 Abb. Prac. 259; King v. Morris, 2 Abb. Prac. 296; Francis v. Church, Clarke, Ch. 475; Gardiner v. Schermerhorn, Id. 105; Hoppock v. Conklin, 4 Sandf., Ch. 582; May v. May, 11 Paige, 203; Brown v. Frost, 10 Paige 245; Requa v. Rea, 2 Paige, 340; Williamson v. Dale, 3 Johns, Ch. 292; Lansing v. McPherson, Id. 426; Billington v. Forbes, 10 Paige, 487; Mulks v. Allen, 12 Wend. 253; Bank v. Lansing, 2 Wend. 261." And in the latter case the court says: "A court of equity justly scrutinizes the conduct of a party placed by law in a position where he possesses the power to sacrifice the interests of another in a manner which may defy detection, and stands ready to afford relief on very slight evidences of unfair dealing, whether it is made necessary by moral turpitude, or only by a mistaken estimate of other's rights." See also, Wilsie, Forec. Mortg. § 539, and cases cited. The inadequacy of the price bid, and for which the property was sold by Smith, is so great that no court of equity would permit the sale to stand. The fact that property of the value of $600 was sold for $10.60 clearly shows either mistake or fraud; and, we apprehend, no court of equity would refuse to relieve the party from such sale.   In this case the evidence so clearly establishes a mistake on the part of the plaintiff's agents that we feel no hesitency in holding that this fact, together with the inadequacy of consideration, fully justified the findings and judgment rendered in this case.   The mistake was clearly one of fact.   Walworth, having had sales made by Faust, believed him to be sheriff; and he acted in the matter entirely upon that belief, and the other agents acted under his direction.   No question is raised as to the good faith of these agents.   There is no suggestion, even, that these parties would not have had the sale made by Smith, had they not honestly believed that Faust was the proper party to make the sale, and that it was their duty to employ him as sheriff, instead of Smith.   Under such circum-

stances, the agents of the plaintiff were fully excused for their failure to bid at the Smith sale. The case is therefore one in which the plaintiff is entitled to the relief sought. The grounds for relief alleged in the complaint are alleged to be the fraudulent acts of the sheriff and Simmons, and such is the finding of the court. But the complaint clearly alleges mistake on the part of the plaintiff in selecting the proper officer to make the sale, and the findings of the court clearly sustain these allegations. We have chosen, therefore, to place this decision upon the ground of mistake and inadequacy of price, as these grounds were fully discussed by the respective counsel.

There were a large number of errors assigned in the record, and numerous questions raised in the briefs of counsel, which have not been overlooked; but, in the view we have taken of the case, we have not deemed it necessary to discuss them. The judgment of the circuit court, and order denying a new trial, are affirmed.

FULLER, J., took no part in this decision.