## HOLLISTER V. BUCHANAN.

It is no defense to an action to recover a deficiency due on a note after fore-
closure of a mortgage securing the same that the property was pur-
chased at the sale at a price so inadequate as to work injustice, since
the sale was not void, but voidable only, on direct motion of an interest-
ed party to set it aside.

CORSON, P. J., dissenting.

(Opinion filed November 18, 1898.)

Appeal from circuit court, Minnehaha county. Hon. J. W.
JONES, Judge.

Action by W. C. Hollister against Agnes C. Buchanan to
recover upon a promissory note. From a judgment for appel-
lant, plaintiff appeals. Reversed.

The facts are stated in the opinion.

*Kate Rochford, J. E. McMahon,* and *F. L. Rowland,* for ap-
pellant.

*A. B. Kittredge,* for respondent.

FULLER, J. In this action, to recover on a $351 promis-
sory note a deficiency remaining after the foreclosure of a
mortgage given to secure the same, judgment was entered up-
on a verdict in favor of the defendant. A motion for a new
trial was thereafter made and overruled, and plaintiff, with all
rights preserved, appeals to this court. From the uncontro-
verted record and averments of the complaint we learn that
on the 21st day of March, 1894, respondent and her husband,
since deceased, executed and delivered to appellant's assignor
the note in suit, securing the same by a first mortgage on cer-
tain real property in the city of Sioux Falls, which is shown to

be worth, for all the purposes of this suit, from $1,200 to $1,600. Respondent on the 1st day of March sold, and by warranty deed conveyed, the premises, in consideration for which her grantee expressly assumed the payment of this mortgage, and gave back a second mortgage on the property for $1,000, which respondent immediately sold and assigned to appellant's brother and associate in business, who foreclosed said mortgage by advertisement under a power of sale on the 8th day of June, 1896, and as the highest and best bidder, purchased the property for $950.  On the 3d day of August following, appellant, as the assignee of the first mortgage, foreclosed the same by advertisement, and at the sale purchased the property for $100, the proceeds of which after paying the legitimate expenses of such sale under a power were applied on the note in suit.

While a default and all other statutory conditions authorizing these foreclosures must be conceded, as well as the regu larity of the proceedings, counsel for respondent maintains that a disclosure of the foregoing facts was sufficient to justify the court in sending to the jury the question of fraud and collusion between the holders of these mortgages, as alleged in the complaint, and relied upon as the only defense to this action.  Had respondent, for the purpose of avoiding the burden of a deficiency, and as the real party in interest, moved to set aside the proceedings which she now attacks collaterally, the mere fact that appellant, exercising the right of a mortgagee, purchased the property, at a fair and open sale, for a price so inadequate as to work injustice, might have been sufficient to entitle her, under our former decisions, to the relief granted in the court below.  State v. Campbell, 5 S. D. 636, 60 N. W. 32.  Such proceedings are "not void, but voidable only, upon the motion of some interested party."  Trust

Co. v. Bradley, 9 S. D. 495, 70 N. W. 648; State v. Smith, 9 S. D. 137, 68 N. W. 198.

As no specific facts or circumstances constituting frand were set up in the answer, nor evidence introduced at the trial tending to support such an inference, were we to accept the view most favorable to respondent, appellant's motion for the direction of a verdict in his favor ought to have been snstained. The judgment appealed from is reversed, and the case remanded.

CORSON, P. J., dissenting.