Townsend v. Johnson.

---

JAMES P. TOWNSEND V. JAMES H. JOHNSON AND CLARA R. JOHNSON, *his Wife*.

No. 377. (63 Pac. 25.)

1. JUDICIAL SALES— *Confirmation—Discretion of Trial Court.* The trial court is invested with considerable discretion in affirming or vacating a sale, and unless that discretion has been abused the appellate court will not disturb the ruling made. (*Fowler v. Krutz*, 54 Kan. 623, 38 Pac. 808.)

2. ———— *Order of Sale—Credit on Judgment.* The trial court set aside a sale of property under a decree of foreclosure, and ordered a resale, for the reason that the order of sale did not recite a payment upon the judgment of $500, admitted by plaintiff to have been made by the judgment debtor prior to the issuance of the order. *Held*, not to be an abuse of discretion.

Error from Reno district court; M. P. SIMPSON, judge. Opinion filed December 12, 1900. Affirmed.

*John W. Roberts*, and *Beardsley & Gregory*, for plaintiff in error.

*Prigg & Williams*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J.: Plaintiff in error Townsend brought an action in the district court of Reno county to foreclose a mortgage.

Judgment was rendered in his favor for $921.41 and costs of suit, and it was also decreed that after six months the lands described in the mortgage should be sold to satisfy the judgment. At the expiration of six months an order of sale was issued. The order recited the full judgment of $921.41, and under it the land was sold to Townsend for $600.

A short time afterward, defendants in error, defendants below, filed a motion to set aside the sale, for the reason that the order of sale recited the full judgment of $921.41, when, in fact, there was due upon the judgment only the sum of $421.41. Other grounds were set out in the motion but it will be unnecessary to notice them further. The court sustained the motion and ordered a resale of the land, and it is of this ruling that the plaintiff in error complains.

From the journal entry of the court's order, it appears that "it was admitted and the court found that on December 2, 1896, and prior to the issuance of the order of sale, there was paid and credited on the judgment in the case the sum of $500, said sum being paid by the defendant James H. Johnson."

It is urged by counsel for plaintiff in error: First,

Townsend v. Johnson.

that the order of sale was issued in strict accordance with the provisions of the statutes; and second, that there is no showing in the record that the credit of $500 was a matter of record in the clerk's office, and that therefore the clerk, whose duty it was to issue the order of sale, could do nothing but issue it as he did.

The inference to be drawn from the plaintiff's first proposition is that to conform to the provisions of the statute the order of sale must have been for $921.41, the amount for which judgment was rendered.

We cannot, however, concede such to be the case. The gist, the vital part, of the judgment is that the prevailing party recover. This remains alive until the judgment is fully discharged. The amount for which judgment is rendered is incidental. When a portion of the amount for which judgment is rendered is paid, the judgment still lives, but under it the balance only can be collected. Under this view of the case, we think that the order of sale could issue for the balance due and be in conformity with the provisions of the statute.

As to the second proposition, we will merely remark that in an equitable proceeding it can have but little force. Plaintiff should have seen that the amount paid was credited upon the records of the court before the order was issued, and if he failed so to do it would be inequitable to permit him to benefit by his own neglect in any way.

The trial court is invested with considerable discretion in affirming or vacating a sale, and, unless that discretion has been unwisely exercised and abused, the appellate court will not disturb the ruling made. (*Fowler v. Krutz*, 54 Kan. 623, 38 Pac. 808; 9 A. & E. Encycl. of L. 257, 258; Wiltsie, Mortg. Forecl. §§ 529,

534, 566; *Nugent v. Nugent*, 54 Mich. 557, 20 N. W. 584.)

We cannot say that the trial court abused its discretion in setting aside the sale and ordering a resale of the property; indeed, we think that justice and equity were promoted by such a course.

The judgment of the district court is affirmed.