429 P.2d 474

Jack **JOHNSON** and Betty Johnson, husband and wife, Appellants,

v.

**JEFFERSON STANDARD LIFE INSURANCE COMPANY**, Appellee.

No. 2 CA–CIV 340.

Court of Appeals of Arizona.

June 16, 1967.

Rehearing Denied July 27, 1967.

Review Denied Oct. 3, 1967.

J. Lavell Harper, Casa Grande, for appellants.

Evans, Kitchel & Jenckes, by Edward C. LeBeau, Phoenix, for appellee.

MOLLOY, Judge.

This is an appeal from an order of the superior court of Pinal county setting aside a sheriff's sale of certain real property used as a post office in Casa Grande, Arizona. The sale was set aside for the reason that the amount bid and accepted was inadequate. Appellant, the purchaser at the sheriff's sale, raises two arguments on appeal. The first is that the appellee, the judgment-creditor causing the sheriff's sale to be held, was more than eight minutes late in appearing at the sheriff's sale and hence, being negligent, cannot complain that the property sold for less than its full value. The other contention is that the $5,000 bid on property appraised at $73,000 was not unconscionable.

Appellee, on March 16, 1966, as first mortgagee on the property, obtained a foreclosure judgment against one Jung Kim and Bertha G. Jung in the amount of $56,228.00. Appellant Jack Johnson, who had earlier obtained a $5,000 judgment against the Jungs, was a defendant in this foreclosure action. The property was levied upon pursuant to an order of sale and a writ of special execution. The sale of the property was set by the chief civil deputy sheriff of Pinal county for April 25, 1966, at 10 a. m.

Shortly before 10 a. m., on the morning of the 25th of April, the deputy sheriff, several bystanders, and appellant Jack Johnson arrived at the county courthouse. When the attorney for appellee failed to appear in front of the courthouse at 10 a. m., the deputy inquired around the courthouse to see if he had arrived. At approximately eight minutes after the hour, the deputy, at appellant's request, dispensed with the reading of the notice of sale and commenced to accept bids on the property. Appellant bid $5,000, which was accepted by the deputy. While appellant was writing his personal check drawn on the Valley National Bank in Casa Grande, the appellee's counsel arrived prepared to bid on the property the amount of the judgment obtained against the Jungs.

The deputy informed him that the property had been sold, that the sale was closed, and that he was accepting appellant's check for the property. Two days later, on April 27, 1966, appellee filed a motion to set aside the sale which was granted by the trial court. At the hearing, there was evidence that the property sold had a value of $73,000.

Appellant initially contends that under general equity law, the trial court was powerless to grant relief to appellee because its lawyer was unexcusably negligent in arriving late at the execution sale, and appellant, who did nothing to bring about this condition, was perfectly justified in bidding $5,000.

The power of a court to set aside an execution sale arises from its inherent power to control its own process. Redman v. White, 85 Ariz. 82, 331 P.2d 1096 (1958); 30 Am.Jur.2d Executions § 711, p. 843. A motion to set aside is addressed to the sound discretion of the court. 30 Am.Jur.2d Executions § 713, p. 844; 33 C.J.S. Executions § 240, p. 504.

While "mere inadequacy" of price is generally not sufficient to set aside an execution sale, 30 Am.Jur.2d Executions § 733, p. 855, when the inadequacy is so great as to " * * * shock the conscience of the court," this is sufficient to authorize the court to set aside the sale and order a new sale. 30 Am.Jur.2d Executions § 733, pp. 855–856, and see 33 C.J.S. Executions § 233, pp. 492–493. This law has been enunciated by our Supreme Court:

" * * * inadequacy of price, when unconscionable, will justify the setting aside of a sheriff's sale, on motion." Smith v. Arizona Engineering Co., 21 Ariz. 624, 627, 193 P. 303, 304 (1920).

And see McCoy v. Brooks, 9 Ariz. 157, 80 P. 365 (1905).

When there is an inadequacy of price which in itself might not be grounds for setting aside the sale, " * * * slight additional circumstances or matters of equity * * * " justify the court in setting aside the sale. 30 Am.Jur.2d Executions §

733, p. 855, and see 33 C.J.S. Executions § 234, p. 494.

In view of the gross inadequacy of the price obtained, and in the light of surrounding circumstances, we see no abuse of discretion in setting aside the sale. Therefore, the order from which this appeal has been taken is affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.