#24685-a-RWS

**2008 SD 84**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

DJBAS LIVING TRUST,                                    Appellant,

SOUTH DAKOTA HOUSING
DEVELOPMENT AUTHORITY,                     Plaintiff and Appellee,

  v.

PAMELA MEINHARDT, JEREMY
M. MEINHARDT, and MINNEHAHA
COUNTY, SOUTH DAKOTA,                          Defendants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE STUART L. TIEDE
Judge

* * * *

STEVEN K. RABUCK of
Nichols & Rabuck, PC
Sioux Falls, South Dakota                    Attorneys for appellant.

ROBERT E. HAYES
ROCHELLE R. CUNDY of
Davenport, Evans, Hurwitz and Smith, LLP
Sioux Falls, South Dakota                    Attorneys for plaintiff
                                             and appellee SD Housing
                                             Development Authority.

* * * *

CONSIDERED ON BRIEFS
ON MAY 19, 2008

OPINION FILED **08/13/08**

#24685

SABERS, Justice.

[¶1.]     DJBAS Living Trust (Trust) bid $10,000 for real property at a sheriff's sale. The judgment on the real property was $99,507.56 plus post-judgment interest, attorney's fees, taxes, and other advancements. CorTrust Mortgage, Inc. (CorTrust) was authorized to bid the judgment amount, but missed the sheriff's sale by three minutes. South Dakota Housing Development Authority (SD Housing) moved to vacate the sheriff's sale and certificate of sale due to excusable neglect. The motion was granted and Trust appeals. We affirm.

**FACTS**

[¶2.]     On March 14, 2005, Pamela and Jeremy Meinhardt executed a promissory note in favor of CorTrust. This loan was used to purchase a home in Sioux Falls, South Dakota and CorTrust received a mortgage to the real property.[1] The mortgage and promissory note were assigned to SD Housing.

[¶3.]     Meinhardts became delinquent on their payments and SD Housing brought a foreclosure action against them on March 15, 2007. After Meinhardts did not respond to the foreclosure complaint, a default judgment was entered on May 4, 2007. The judgment set the amount due at $99,507.56 and authorized the real property to be sold at a sheriff's sale, which was scheduled to be held on the steps of

---

1.     South Dakota's One-hundred Eighty Day Redemption Mortgage Act governed the mortgage. *See* SDCL ch 21-49. Additionally, Meinhardts received a loan from the Mortgage Assistance Program and this debt was secured by a second mortgage on the home. SD Housing holds both these loans.

-1-

the Minnehaha County Courthouse, Sioux Falls, South Dakota on June 6, 2007 at 11:25 a.m.

[¶4.]     Jody Fredericks from CorTrust planned to attend the sheriff's sale on behalf of SD Housing and was authorized to bid the judgment amount. Fredericks is a collection specialist and has attended twenty-five to thirty judicial sales every year for twelve years on behalf of SD Housing. She testified that she left her office, twenty-three blocks away, at approximately 11:15 a.m. the morning of the sale. She stopped at the Argus Leader to obtain the affidavit of publication concerning the foreclosure sale. According to her testimony, this was her practice on all the previous occasions and she had never been late to any sale.

[¶5.]     On this occasion, however, Fredericks arrived approximately three minutes late, 11:28 a.m., to the sale.[2] An agent for Trust was waiting for a different sale, but decided to place a bid on this real property when he saw no one was bidding. He bid $10,000, which was accepted, and the sheriff's certificate of sale was issued to the Trust.

[¶6.]     Fredericks testified that there were two reasons she was late. First, after leaving the Argus Leader she had to follow a fire truck for a couple blocks, which hindered her travel. Second, she had knee surgery less than a month prior to the sale and her knee was not yet healed. This impeded her timely arrival because

---

2.    According to the record, Fredericks arrived at 11:28 a.m. She arrived after a sale scheduled to take place at 11:30 a.m., but it had already concluded even though it was only 11:28 a.m.

of construction at the Minnehaha County Courthouse; she had to park farther than usual from the sale and she was unable to run or hurry to the sale.

[¶7.] On June 13, 2007, SD Housing filed a motion to vacate the sheriff's sale and certificate of sale. Trust opposed the motion and a hearing was held on July 30, 2007. SD Housing alleged that excusable neglect supported vacating the sale. The circuit court found that the price of $10,000, accompanied by Fredricks' excusable neglect and the surrounding circumstances, justified vacating the sale and entered an order to that effect. Trust appeals raising one issue.

## STANDARD OF REVIEW

[¶8.] Circuit courts have "broad equitable powers . . . to set aside a sale" if equities require. Federal Land Bank of Omaha v. Fenske, 67 SD 236, 291 NW 596, 598 (1940); *see also* Kirby v. Ramsey, 9 SD 197, 68 NW 328, 329 (1896) (noting a sale under a decree of foreclosure should be governed by equitable rules). Therefore, we review a circuit court's order vacating a foreclosure sale under the abuse of discretion standard. *Fenske*, 67 SD 236, 291 NW at 600. "An abuse of discretion occurs when 'discretion [is] exercised to an end or purpose not justified by, and clearly against, reason and evidence.'" State *ex rel*. White v. Brandt, 2008 SD 33, ¶11, 748 NW2d 766, 770 (additional citations omitted). We do not determine if we would have arrived at the same result, but rather "whether we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached that conclusion." *Id.*

[¶9.] **Whether the circuit court abused its discretion by vacating the sheriff's sale and certificate of sale.**

[¶10.] Trust argues that the circuit court abused its discretion when it vacated the sheriff's sale because the situation was created by Bank's "inexcusable negligence" not excusable neglect and the price of $10,000 was not "wholly inadequate." Trust also alleges that fraud or unfairness should be present before a sale can be set aside. Finally, it claims that the only party that will be harmed if the circuit court's order is affirmed is Trust.

[¶11.] "While . . . mere inadequacy of consideration is not a ground for setting aside a foreclosure sale, this rule has been rather carefully circumscribed by the court." *Fenske*, 67 SD 236, 291 NW at 599. This rule:

> Must be strictly confined to cases where there is *absolutely no fact appearing*, except that the price is inadequate. *Whenever other facts appear*, such as *mistake, misapprehension, or inadvertence* on the part of the interested parties or of intending bidders, as a result of which it seems to the court *the failure to obtain a fair and adequate price for the property* was due in whole or in part to such mistake, misapprehension, or inadvertence, *the court will readily refuse to approve the sale.*

*Id.* (emphasis added). Therefore, if the circumstances surrounding the sale indicate mistake, misapprehension or inadvertence by a party or interested bidder and the sale failed to obtain a fair and adequate price for the property, the court may exercise its discretion and vacate the sale. *Id.* Contrary to Trust's claim, fraud is not necessary in order to vacate the sale. *See id.* at 599-600.

[¶12.] Fredericks was the only witness to testify at the hearing. She also submitted an affidavit in support of the motion to vacate the sheriff's sale and certificate of sale. Within the affidavit, she testified she had knee surgery on May 16, 2007, and was still recovering, so on the morning of the sale she could not run or hurry to the sale. During the hearing, she testified that for the last twelve years

she had attended the judicial sales for CorTrust, attending an average of twenty-five to thirty a year. She testified that she always left her office at the same time and always stopped at the Argus Leader on her way to the sale and had never been late prior to this occasion. This time, she was stuck behind a fire truck for a couple blocks, construction forced her to park father away than usual, and her knee surgery made her unable to quickly get to the sale.

[¶13.]     Additionally, Trust received the property for only $10,000. Since there was no deficiency judgment, SD Housing would have to accept $10,000 in satisfaction of a debt near $100,000. While Trust argues that there is no evidence this is an inadequate price, SD Housing was willing to bid the judgment price and the original loan was for $95,247. The facts of this case indicate the price was inadequate.

[¶14.]     Our case law discusses inadequate prices. In *State ex rel. Kunz v. Campbell*, 5 SD 636, 60 NW 32 (1894), our Court affirmed the lower court's decision to vacate the sale when the attorney for mortgagee intended to bid $1,500, but the real estate was sold for $800 at sale. 5 SD 636, 60 NW at 35-36 *overruled in part on other grounds by,* Langeberg v. Perry, 62 SD 286, 252 NW 882, 884 (1934) (finding a confirmation hearing only examined the regularity of the proceedings; not addressing a motion to set aside a sale). Additionally, in *Stacy v. Smith*, 9 SD 137, 68 NW 198 (1896), our Court noted that a bid of $10.60 was inadequate on property valued at $600. *Id.* at 200.

[¶15.]     The Arizona Court of Appeals affirmed a lower court's order to set aside a sale where the mortgagee arrived eight minutes late to the sale. Johnson v.

Jefferson Std. Life Ins. Co., 429 P2d 474, 475-76 (ArizCtApp 1967). In *Johnson*, the judgment debt was $56,228 and the appraised value was $73,000, but the accepted bid at the foreclosure sale was $5,000. *Id.* at 475. The court noted that mere inadequacy of price is generally not sufficient to set aside a sale, but there is authority to set aside the sale "when the inadequacy is so great as to '. . . shock the conscience of the court[.]'" *Id.* However, the court continued: "When there is inadequacy of price which in itself might not be grounds for setting aside the sale, '. . . slight additional circumstances or matters of equity . . .' justify the court in setting aside the sale." *Id.* (quoting AmJur2d Executions § 733) (additional citation omitted). Therefore, the court concluded that "[i]n view of the gross inadequacy of the price obtained, and in light of surrounding circumstances, we see no abuse of discretion in setting aside the sale." *Id.* at 476.

[¶16.] Similarly in the present case, Trust has not demonstrated that the circuit court abused its discretion in vacating the sheriff's sale and certificate of sale. First, the price is inadequate when SD Housing authorized a bid for the judgment amount of almost $100,000, the original loan was for $95,247, but the accepted bid was only $10,000. Second, the circumstances surrounding Fredericks' inability to arrive at the sale on time support the circuit court's decision that her untimely arrival was due to mistake, misapprehension, or inadvertence. Fredericks has attended twenty-five to thirty sales per year for twelve years, utilizing the same procedure each time and was never late prior to this occasion. Finally, Trust will receive the amount of its bid plus interest. It is not prejudiced by the decision, other than it will not be able to take advantage of the windfall of receiving a property for

$10,000 that is worth substantially more. Under these facts, we find no abuse of discretion.

[¶17.] Affirmed.

[¶18.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.