STARKWEATHER *vs.* HAWES et al.

APPEAL FROM CIRCUIT COURT DANE COUNTY.

Heard September 22, 1859.]          [Decided December 14, 1859.

*Constitutional Law—Mortgage—Sales—Practice.*

The act of the legislature, dated 15th May, 1858, relating to the foreclosure of mortgages, commonly called the "Mortgage Stay Law," is constitutional.

The case of *Von Baumbach vs. Bade,* 9 Wis., 597, considered and approved.

An act of the legislature which regulates the manner in which sales should be conducted, under judgments already rendered, is not obnoxious to the objection that the legislature has assumed judicial power.

The court below has power to set aside a sale, and also a confirmation of the sale by the court, upon a proper application, made for that purpose.

This was an action brought to foreclose a mortgage, and comes to this court on an appeal from an order of the court below, affirming an order of the judge of said court at chambers, setting aside the sale, order of confirmation of sale, and subsequent proceedings. The judgment of foreclosure was entered April 10th, 1858, and the sale was made June 2d, 1858, and confirmed on the 10th of June, 1858.

On the 9th of August the attorneys for the defendants served on the attorneys of the plaintiff, an order of the judge of the circuit court, to show cause before him, on the 11th of August, why the sale, and the order confirming the same, should not be set aside and vacated for irregularity, in that the sheriff sold, without advertising six months, as required by law, and on the ground of the inadequacy of the price with costs of motion, and that a copy of this affidavit, and a copy of this order, be served on the plaintiff's attorneys, at least one day before the time herein fixed for showing cause.

This order was based upon an affidavit of Jacob Kniffin, one of the defendants, which set forth that " this was an action against deponent and others to foreclose a mortgage, and that this defendant, and A. W. Doren, one of the other defendants herein, gave a subsequent mortgage upon said property mentioned in this case, and that they have been sued by the plaintiff in this case, upon notes which said mortgage was given to secure, and the mortgaged premises in this case were sold on the 2d day of June last, for about $900, and were worth, at that time, at least $5000, and that said order has been confirmed, but no notice was given of said order, or motion for confirmation, and deponent had no knowledge of the sale or confirmation until since the commencement of the suit on said notes, and further, that the mortgage given by deponent and Doren on said land, was the next incumbrance on said land, after this mortgage in this case."

This motion was heard on the 22d of August, when the judge made the following order : " On reading and filing affidavits, on inspecting the records and files of the court, and on reading the order to show cause, &c., and after hearing

Mr. Hopkins, of counsel for the defendants, Kniffin & Doren, and after hearing S. Crawford, for plaintiff, it is ordered that the sale of the mortgaged premises in this case, and all subsequent proceedings in this action based thereon be, and the same are hereby set aside, with ten dollars costs of this motion, to be paid by the plaintiff, and that the clerk of this court enter this order of record.     A. L. COLLINS."

From this order the appellant took an appeal to the general term of the said court, and upon the hearing of said appeal the following order was made by the court:

"This cause having been brought on, on the appeal from the order setting aside the sale, &c., in this case, and after hearing Mr. Hopkins, for the respondent, and Mr. Wakeley for the appellant, it is order that said order be, and the same is hereby affirmed, with five dollars costs of this appeal. By the court.     L. S. DIXON."

From this order an appeal was taken to this court, and the appellant asks that the same may be set aside and reversed.

*Wakeley & Tenney*, for the appellants.

*J. C. Hopkins*, for the respondent.

*By the Court*, PAINE, J. The main ground relied on to reverse the order appealed from, is that the law of 1858, known as the "Mortgage Stay Law," was unconstitutional. We have held otherwise, in the case of *Von Baumbach vs. Bade*, decided at this term, 9 Wis., 597, and as the law expressly applies to cases in which judgments were rendered before its passage, it was applicable to the sale set aside by this order.

We do not think the act is liable to the objection that the legislature has assumed judicial power, in regulating the manner in which sales should be conducted, under judgments already rendered. The manner in which such judgments shall be executed, remains liable to legislative control.

Neither do we think it material to determine whether a

judge at chambers may set aside a sale that has been confirmed by an order of the court. For an appeal is first taken from the judge at chambers to the circuit court, and it can be brought here only from the order of the court. The court here thought the sale should be set aside, else it would not have affirmed the order of the judge. And we are reviewing only the action of the court.

The order is affirmed, with costs.

