## BAASEN vs. EILERS et al. FOUR CASES.

### APPEALS FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard April 18.]                                    [Decided June 4, 1860.

### *Appeal—Mortgages—Stay of Proceeding.*

Where a mortgagor had sold the mortgaged premises, pending a foreclosure suit for a fixed sum, the vendees agreeing to pay off the mortgage, which he neglected to do, and judgment of foreclosure was entered against the vendor, and the premises having been sold upon the judgment, from which the vendees appealed in the name of the mortgagor; but the mortgagor waived the appeal taken in his name: Held, that the vendees did not have such an interest in the matter in controversy as would enable them to sustain the appeal.

Where an action to foreclose a mortgage was brought against the mortgagor, and a subsequent incumbrancer, and the complaint demanded judgment for any surplus after sale against the mortgagor, and judgment for the surplus was entered against the defendant, without naming which one: Held, that such a judgment cannot be construed to apply to the subsequent incumbrancer,

Where a purchaser from a defendant to an action to foreclose a mortgage, had perfected an appeal to the supreme court from the final judgment, in the defendant's name, but the plaintiff, notwithstanding the appeal, sold the premises, and bid them in, such sale will be set aside on motion. This rule will not be changed, even though the purchaser had no such interest as would entitle him to make and prosecute the appeal. The appeal stayed the proceedings until it was dismissed.

The facts in these four cases will be found sufficiently stated in the opinion of the court, except the opinion of Judge McArthur, given upon the motions made in the court below, as follows:

" It is contended that the plaintiff might well treat the appeal of Runkel as a nullity, the judgment having been taken against him for want of an answer. It is said he has no right of appeal. Whether he had a right of appeal, I conceive is not a proper matter for determination in this court. That is a question which must be disposed of by the supreme court. A distinction is to be made between the right to appeal, and the necessary steps to stay proceedings upon an appeal. The proceedings provided by the statute to

make an appeal operate as a stay of proceedings, are to some extent in the control of this court. But the appeal itself can only be questioned in the appellate tribunal. Were this court to hold that the right of appeal did not exist in any instance, it would be practically to dismiss an appeal pending in the supreme court. I must, therefore, decline to inquire into the right of appeal. If it does not exist, the remedy of the plaintiff is, to make his application to have it dismissed in the court above. As to the question whether the proceedings have been stayed, I am of the opinion that the necessary steps have been taken to effect that object. The undertaking seems to conform to the requirements of the statute, and to the recent decisions of our supreme court. The same thing may be observed of the steps taken on the Eilers appeal, in order to make that appeal operate as a stay.

" The defendant Wise purchased the interest of Eilers in the mortgaged premises, *pendente lite*, and the latter surrendered to him the defense of the action. Eilers represented he had a defense. He made an affidavit of merits, and an affidavit in which his defense is sworn to in detail. He represented to Wise that this defense would reduce the amount of the recovery by several hundreds of dollars, and induced him to advance $700, and surrendered the defense into the hands of Wise, to be conducted at the expense of the latter. It is contended that Wise has no right to interfere here, for two reasons. In the first place, he is a purchaser, *pendente lite*, and this arrangement to assume the defense, is against public policy. There is no doubt but the final judgment in this action will be binding upon Wise. Our statute, however, now authorizes and directs that the action shall be continued in the name of the original party in case of any transfer of interest; or the court may allow the person to be substituted in the action. Rev. Stat., chap. 135, sec. 1.

" This provision of the statute, I think, disposes of these objections, and, I think, gives Wise a right to continue the action in the name of Eilers, after he had taken an assignment, or transfer of the property in interest in litigation. Indeed, the court will not permit a substitution, unless on special application, and for good reasons, the law providing that after the transfer of interest, the action *shall continue in the name of the original party*. In my opinion, Eilers cannot be permitted to come in now, and insist upon ratifying the

sale, and of having it confirmed by his consent. He has transferred the interest and the defense of the action to Wise, for a consideration, and consented that the action might be continued in his name, but for the benefit of Wise. The fact that he has received $1500 from the plaintiff to abandon the appeal in violation of his arrangement with Wise, does not entitle him to the confidence of the court.

" The motion to set aside the sale must be allowed; and the motion to confirm it denied.

" I would further state, that in these cases I shall discountenance any sales, after a party appealing shall undertake to comply with the statutory provisions to stay the proceedings, by filing an undertaking. No party or attorney should become his own judge upon the regularity of these proceedings, and pronounce them null, and press on a sale in the face of a pending appeal, and a stay of proceedings, which he pronounces not to be such as the statute requires. If he thinks that the undertaking is insufficient, he should make an application to the court for leave to proceed. And I think the sheriff is unmindful of what is due to his office, in proceeding to sell after the undertaking has been filed. It is impossible that there can be a fair sale under such circumstances. If the proceedings are not in compliance with the statute, they are irregular, but not null. And before the sale proceeds, they should be removed by the order of the court; then the sale can go on fairly and without injustice.

ARTHUR McARTHUR, Judge.

From which order the appellant brings this appeal.

*Smith & Salomon,* for the appellants.

*Brown & Ogden,* for the respondent.

*By the Court,* PAINE, J. As this case, and the cases of *Baasen, respondent, vs. Eilers, appellant, Baasen, respondent, vs. Runkel, appellant, Wise, appellant, vs. Baasen, respondent,* all grow out of one transaction, and are closely connected, they will be disposed of together in one opinion. Baasen had two mortgages, amounting in all to $5900, executed by Eilers, upon certain lots in the city of Milwaukee, and

upon some land in Washington county. These mortgages were being foreclosed when Eilers sold the Milwaukee lots to Wise and Jacobs, for $8,300, they agreeing to pay off the liens; and if they were more than the consideration mentioned, Eilers was to repay them the excess, and if less, they were to pay him the balance. The mortgages were foreclosed for non-payment of an installment of interest, and Eilers had filed an answer setting up that he had paid the interest by giving his note, which was accepted in payment. After Wise and Jacobs purchased, they advanced to Eilers $750, on his representation, as they claim that he had a set off, or defense to some part of the mortgage debts, taking back, however, the note of Tesch for $250, to secure themselves against any possible excess of liens over the consideration to be paid by them. And they aver that on this advance an agreement was made by Eilers to surrender to them the control of the foreclosure suit, and to allow them to appeal in his name. After judgment in the foreclosure *suit*, the property being advertised for sale, they accordingly appealed in the name of Eilers, which is one of the appeals now under consideration. Runkell, who was alleged to have a mechanic's lien upon the premises, accruing subsequent to the mortgages, and was on that account made defendant, also appealed, although he had previously assigned his judgment On these appeals the usual undertakings were given to stay proceedings.

After these appeals were taken, Wise began a suit against Baasen and Eilers, setting forth, more at large, the facts above stated, that he had purchased the interest of Jacobs, that Eilers was insolvent, and that if he had to pay the whole amount of the mortgages, it would be more than the consideration, with what he had already paid, and that he would lose the excess, &c. He also set forth that he had made valuable improvements on the lots, and that Eilers and Baasen were con-

spiring to defeat his rights, under the agreement with Eilers, by having Eilers release the right of appeal, and then selling the property on the foreclosure judgment. An injunction was obtained from a court commissioner, which was afterwards dissolved by the court, on a hearing upon a demurrer by Baason, an answer by Eilers and various affidavits, and from the order dissolving it Wise appealed.

Baasen then proceeded to sell the whole property on the foreclosure judgment, and bid it in himself for $7686,38. A motion was made to confirm this sale, but an affidavit showing the facts, that notice of the appeals and stay of proceedings were given at the sale, that other parties were present prepared to bid considerably higher, but were prevented by these facts, the court refused to confirm it, and granted a motion to set it aside, and from that order Baasen appealed. It appeared before the court below, and appears here, that Eilers waived the appeal that had been taken in his name, and asked to have it dismissed.

We do not deem it necessary to go into any examination in detail, of the evidence upon these various points. We are satisfied from the whole of it, that Wise and Jacobs acquired no such interest in the matter in contest in the foreclosure suit, as enables them to sustain an appeal for their own benefit, Eilers himself waiving the appeal. By their agreement of purchase they were to pay off these mortgages. And although they subsequently advanced to Eilers $750, their taking back a note of Tesch for $250, to secure them against a possible excess of liens, satisfies us that they were not dealing upon the expectation of reducing the amount of the foreclosure judgment. And if they had reduced it, the only result would have been that they would have to pay the amount by which it was reduced to Eilers instead of to Baasen. They had, therefore, no interest in that litigation, except the time that they might gain by the delay, and that

is not such an interest that the law will allow it to be purchased, and the purchaser to continue litigation, which the parties in interest are willing to abandon. We think, therefore, that the appeal in the name of Eilers must be dismissed.

It is very probable that the appeal by Runkel was procured by others, he having sold his judgment before it was taken But being a party to the suit, he has a right to appeal if he chooses. He was a subsequent incumbrancer, and was, of course, cut off by the foreclosure judgment. But it was suggested that he might have been aggrieved by this. That judgment requires " the defendant" to pay the deficiency, if any, on the sale. And as Runkel was a defendant, and the judgment does not specify which one was to pay it, it might be a judgment against him, as well as any other. Defendants are not usually so prone to construe themselves into a iability, but for the purpose of enabling Mr. Runkel to feel certain upon this point, we will say that we do not think the judgment can reasonably bear such a construction, but that there being only one defendant in the suit, against whom the judgment for the deficiency was asked, or would have been proper, the words, " the defendant," should be construed as designating that particular one. Mr. Runkel not being aggrieved, the judgment as to him is affirmed with costs.

It follows from the remarks before made, that the order of the court dissolving the injunction from which Wise appealed, is affirmed with costs.

We think also, the court was right in setting aside the sale. Notwithstanding the view we have taken of these appeals, yet they were taken, and the undertakings requisite to stay proceedings were given. It is obvious that, with notice of these facts, a fair sale could not take place. We fully concur in the remarks of the court below upon this point. And, although we hold that Wise acquired no such interest as enables him

when it is properly brought before the court to sustain the appeal from the foreclosure judgment, yet he evidently supposed he had, and it would ·be too severe a punishment that he should forfeit his entire right in the property as a consequence. He was deeply interested in the sale, though not in the amount of the foreclosure judgment.   And we think the court in setting aside the sale exercised a just and sound discretion.

The order is affirmed, with costs.