## Kemp and another vs. Hein and others.

*December 2 — December 16, 1879.*

PARTITION.  *(1) When partition sale should be vacated.  (2) Appeal in partition: Practice: Parties: Waiver.*

1. A sale was made in partition in the absence of many of the parties in interest, and other persons, who were kept away by a reasonable expectation that the proceedings would be stayed; and it was for a very inadequate price, much less than one of such absent parties would have bid, and little more than half what the purchaser bid a few days before, when his offer was not accepted by reason of a stay; and the proceedings were conducted hastily, with knowledge that an appeal had been taken, and that a further stay pending the appeal would soon be made. *Held*, that the court erred in refusing to vacate the sale.
2. Parties to a partition suit, whether made plaintiffs or defendants thereto, may appeal from an order by which they are aggrieved, and make the other parties to the suit, whether plaintiffs or defendants, respondents to the appeal; and any irregularity in respect to parties in such appeal, is waived by the appearance of the respondents by attorney at the hearing, without motion to dismiss for such irregularity.

APPEAL from the Circuit Court for *Ozaukee* County.
The case is stated in the opinion.

For the plaintiffs, who were also appellants, there were briefs by *Eugene S. Turner*, with *Wm. J. Turner*, of counsel, and oral argument by *Eugene S. Turner*.

The cause was submitted for the respondent on the brief of *Geo. W. Foster*.

ORTON, J.   This is an appeal from the order confirming the sale which resulted from proceedings in partition, in which these parties were jointly interested in the premises adjudged to be sold.   The parties to this appeal were all parties to the proceedings in partition, either as petitioners or defendants (and it makes no difference which), and were interested in the premises, and the appellants resisted the motion to confirm the sale, and have made here the other parties respondents;

and in this there appears no irregularity. But, if any irregularity in respect to parties exists, objection on such ground is waived by the appearance of the respondents by attorney on the hearing, without motion to dismiss by reason of improper, or want of, parties. Any party aggrieved by any judgment or order of the circuit court, may appeal to this court. Section 2, ch. 264, Laws of 1860.

The facts in relation to the sale appear substantially as follows: It was first advertised to take place on the first day of December, 1877; and on that day the premises were offered at public auction by the sheriff, and the respondent *Andreas Hein* bid for the same the sum of $3,200. A stay of proceedings had been obtained for the purpose of preparing for an appeal to this court from the judgment in partition, and thereupon, and pending said bid, the sale was postponed until 10 o'clock A. M. on the fourth day of December. Before that time had arrived, an appeal had been taken, and notice thereof served upon the attorney of the plaintiffs in the partition suit, and especially the attorney of the respondent *Andreas Hein;* and said attorney had informed the said *Hein* thereof; but no notice of the filing of an undertaking to stay proceedings had been served, although such undertaking was filed on said fourth day of December, but whether before or after the hour of 10 o'clock does not appear.

In consequence of such appeal, the appellants and other persons did not attend at the place and hour of sale, supposing that no sale would take place by reason of such appeal; but the said respondent *Andreas Hein*, his brother Joseph Hein, and the said attorney, together with the sheriff, repaired to the court-house, the place of sale, and about the exact time, if not before the exact time so fixed for the sale; and, there being no other persons or bidders present, the sheriff again offered the premises, and the said attorney bid for the same the sum of $1,700 for the said *Andreas Hein*, and they were at once

struck off to the said *Hein* for that amount, it being the only bid made.

Both the said *Andreas Hein*, the purchaser, and his attorney state in their affidavits that the reason why the bid was only the sum of $1,700 was, that an appeal had been taken which would involve litigation and expense. According to the affidavit of the attorney of the appellants, the whole time occupied in the sale was from six to ten minutes, and the sale was made before the hour of ten o'clock; and the affidavits of the respondent *Hein* and his said attorney do not agree, and are very indefinite, as to the time. It further appears that the said appellant *Nicholas Kemp*, had he supposed the sale would take place and could properly be made, would have bid the sum of $3,200 for the premises, and in case of a resale he offers to bid for the same the sum of $2,500; and that the premises are worth from $3,200 to $5,000.

We think the circuit court should have refused to confirm this sale, not by reason of any particular irregularities, but because all of the proceedings and circumstances taken together most conclusively show that it was very unfair and unconscionable, if not absolutely fraudulent. Both *Andreas Hein* and his attorney knew that an appeal had been taken, and that a stay of proceedings would very soon be made; and the said attorney, according to the affidavit of the sheriff, directed the sale to take place, and he was the bidder for and in the presence of his client, and the sale was evidently *hurried*, in the absence of other bidders and other parties interested, in anticipation of a stay of proceedings. The bid of $3,200, although never formally withdrawn, was not renewed but a bid of a little more than half of that amount only was made.

Without further particularizing, it is sufficient to say, in view of the whole transaction, that a public official sale of valuable property, to one of the parties interested, for so in-

adequate a sum, and in the absence of other parties interested, caused by a very reasonable supposition that it would not take place under the circumstances, and so suspiciously *hurried* to a consummation, cannot stand a moment in a court of equity.

The principles upon which such a sale should be set aside are clearly established by numerous decisions of this court. In *Strong v. Catton*, 1 Wis., 471, a party interested in the property sold, and who intended to redeem it before sale, remained away from the sale, under a reasonable belief and supposition that the sale would be postponed, and the property was sold for an inadequate price. The sale was set aside, and this court, in the opinion of the late Mr. Justice CRAWFORD, quotes approvingly the language in *Morice v. The Bishop of Durham*, 11 Ves., 57: "Where there is some fraud or misconduct in the purchaser, or fraudulent negligence in another person as agent, *of which it is against conscience that the purchaser should take advantage*, the biddings will be opened *after confirmation;*" and, as the result of a review of the New York authorities upon the question, the opinion says, "that whenever it would be inequitable or against good conscience to permit the sale to stand, the court will not hestitate to exercise its discretion by ordering a resale," and further, "in no proper sense of the word could a transaction of this kind be called a fair sale."

In *Adams v. Haskell*, 10 Wis., 123, the parties interested, and who intended to bid, and would have bid $500 for the property, were kept away by an accident, and the plaintiff in foreclosure bid it in for $150. The circuit court on motion set aside the sale, and this court affirmed the order as being "a very sound exercise of discretion under the circumstances."

In *Cleveland v. Southard, Safford et al.*, 25 Wis., 479, the purchaser at foreclosure sale colluded with the mortgagee in order to buy the mortgaged premises for very much less than the mortgage debt and their value; and this court, in the opinion of the late Mr. Justice PAINE, said: "After collusively

selling the land to Safford on the foreclosure, for a part only of the debt, when he knew, if fairly sold, it would have much more than paid the whole of it, he ought not to be allowed to enforce the personal claim for the deficiency which he had himself thus caused, against Southard;" and the motion to set aside the sale was denied, because of this clear and adequate remedy in defense to a suit for the deficiency. If a party for such an act is to be held responsible by collusion with the purchaser, much more where he is the party himself, and the rights of no third person intervene. See, also, *Babcock v. Perry*, 8 Wis., 277; *Starkweather v. Hawes*, 10 Wis., 125; *Campbell v. Smith*, 9 Wis., 305; *Jones v. Dow*, 15 Wis., 582; *Baasen v. Eilers*, 11 Wis., 277; *Encking v. Simmons*, 28 Wis., 272; *Warren v. Foreman*, 19 Wis., 35.

*By the Court.* — The order of the circuit court confirming the sale is reversed, with costs, and the cause remanded with directions to that court to set aside the sale of the premises to the respondent *Andreas Hein*, made on the fourth day of December, 1877.