HUBBARD vs. TAYLOR and others: Appeal of CONKEY.

*March 12 — March 30, 1880.*

*Vacating sale on foreclosure.*

1. Whether or not, after a sale on foreclosure, the defendants can have it set aside upon the purchaser's motion to confirm, there is no error in setting it aside upon the hearing of an order upon the purchaser to show cause, procured by the defendants.

2. In consequence of an agreement between the parties to the suit that the sale should be adjourned (which agreement was not seasonably made known to the sheriff), defendants were not present at the sale; and the property was sold for much less than the real cash value. Defendants were making efforts to pay the judgment, and did pay a large sum thereon on the day of the sale. *Held,* that there was no error, as against the purchaser, in vacating the sale by an order which permits him to withdraw the money paid into court thereon, and requires plaintiff to pay him interest, sheriff's and attorney's fees, and expenses incurred in looking after the property; and such purchaser cannot object that the order does not provide for a resale.

APPEAL from the Circuit Court for *Outagamie* County.

The action was for the foreclosure of a mortgage; and, without any answer or appearance on the part of the defendants, judgment of foreclosure was entered on the 8th of June, 1877, with the usual order of sale. The premises were first advertised to be sold on the 19th of April, 1879; but the sale was continued by five successive adjournments until September 26, 1879, when the premises were duly struck off to *Theodore Conkey* for $1000, and the money was paid by him to the sheriff. *Conkey* and one Rogers seem to have been the only persons present as bidders; and none of the parties or their attorneys appear to have been present. Some two hours after the sale, the sheriff received a telegram from plaintiff's attorney, requesting him to adjourn the sale one week. Afterwards, on the same day, the sheriff executed to *Conkey* a deed of the premises, which was thereafter duly recorded. On the 2d of October, 1879, the sheriff tendered to plaintiff's

attorney the amount realized from the sale after deducting the expenses; but the attorney refused to receive it. On the next day, the sheriff filed his report of the sale; and on the 8th of the same month, *Conkey* served notice of a motion to confirm the report of sale, for the 16th day of that month. On the 15th of the same month, *Conkey* was served with an order to show cause on the 17th why the sale should not be set aside, the deed annulled, etc. The material facts shown by the affidavits upon which this order was granted, are sufficiently stated in the opinion. Counter affidavits were read in the purchaser's behalf at the hearing.

After a hearing, the court made an order setting aside the sale on terms and conditions which are sufficiently stated in the opinion; and from this order *Conkey* appealed.

For the appellant there was a brief by *Barnes & Goodland*, and oral argument by *Mr. Barnes*.

The cause was submitted for the respondent on the brief of *Vroman & Sale*.

COLE, J. Whether the defendants could have had the sale set aside on the motion made by the purchaser to confirm, is a question of no practical importance in this case. It is sufficient to say that they deemed it advisable to move themselves in the matter, and therefore they obtained and served an order upon him to show cause why the sale should not be set aside. Surely the purchaser has no reason to complain of this action on their part, even if it was unnecessary, and if they could have had the relief asked by them on his motion to confirm. This is all we deem it necessary to say on the first point made in the brief of counsel for the appellant.

The sale in this case took place contrary to the express agreement and design of both plaintiff and defendants in the foreclosure action. The parties to the suit had a distinct understanding between themselves that the sale should be adjourned; consequently none of them were present when it

took place. It appears that about two hours after the sale was made, the sheriff received a dispatch from the attorney of the plaintiff directing him to adjourn the sale for one week. Why the dispatch was not earlier sent is satisfactorily explained in the affidavit of Mr. Markham. But as the sale had already taken place when the dispatch was received, the sheriff deemed it his duty to proceed and execute and deliver to the purchaser a deed of the mortgaged premises, which was accordingly done. That the defendants will be seriously injured if the sale is suffered to stand, is a fact conclusively established by the affidavits produced by them in support of their motion. The mortgaged premises consisted of a flouring mill and machinery therein, and the affidavits on both sides leave no room for doubt that the property was sold for much less than its real cash value. Besides, if it were not, presumably it would be a great loss to the defendants to have the sale confirmed. They were making efforts to pay the foreclosure judgment, and did actually pay $1,000 upon it the very day the sale took place. And as they had a fair understanding with the plaintiff that the sale should be postponed, and therefore did not attend to protect their interests, it would be against good conscience and equity to allow the sale to stand.

Even if the application to set the sale aside were resisted by the plaintiff in the action — as it is not, — still the circumstances present a clear case of surprise, calling for the intervention of the court. The grounds upon which courts of equity interfere in these cases are well settled, and need not be dwelt upon here. It is sufficient to say that the facts of this case bring it within the doctrine of numerous decisions made by this court, commencing with the early case of *Strong v. Cotton*, 1 Wis., 471, and ending with the recent case of *Kemp v. Hein*, 48 Wis., 32. See, also, note to *Strong v. Cotton*, V. & B.'s ed. The only party who objects to setting aside this sale is the purchaser; but, until the sale was confirmed, the whole matter was under the control of the court, and he must

Harriman and another vs. The Queen Ins. Co. of London and Liverpool.

be deemed to have purchased with knowledge of the fact that the sale was liable to be set aside for good cause shown. The order setting aside the sale amply protects his rights. The plaintiff refused to accept any of the money paid by him on his bid. Most of it remains with the clerk of the court. He has leave to withdraw this money, and the defendants are required to pay him sheriff's fees, the interest on the amount bid by him, attorney's fees, and the expenses he incurred in looking after and caring for the mill. In case the defendants fail to perform the conditions of the order within twenty days from its date, the sale stands confirmed. It will therefore be seen that no injustice was done him by the order. He was fully indemnified for all his trouble, costs and expenses about his purchase, by the liberal allowance made him in the order. This is all he can reasonably ask for in justice and equity. That a resale is not provided for in the order, is not a matter which concerns him.

*By the Court.*— The order of the circuit court is affirmed.