HOMESTEAD LAND COMPANY, Respondent, vs. JOSEPH SCHLITZ BREWING COMPANY, imp., Appellant.

*November 28 — December 15, 1896.*

*Mortgages: Foreclosure: Setting aside sale: Discretion.*

A refusal to set aside a mortgage foreclosure sale of land because of the failure of plaintiff's attorneys to notify the attorneys of a second mortgagee of the date of the sale, as they had agreed to do, is *held* not to have been an abuse of discretion, where such failure was fully explained and excused, and it was undisputed that the sale was fairly conducted; that the second mortgagee informed plaintiff's attorneys before the sale that it did not desire to purchase the property; that the plaintiff fairly purchased the property for the amount due it; and that it had contracted to sell the property to a third mortgagee at cost, and had received $1,000 upon such contract.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Appeal dismissed.*

This action was instituted for the foreclosure of a mortgage of $2,300. The defendant *Joseph Schlitz Brewing Company* had a second mortgage on the property of $600. Defendant Herman Schutz had a third mortgage. The foreclosure proceedings resulted in a judgment of foreclosure and sale. The property was sold pursuant thereto, and was bid in by plaintiff for the amount due on the first mort-

gage and costs, $2,896.93. Thereafter the second mortgagee moved the court to set aside the sale and to order a resale. The motion was based on affidavits to the effect that, some time before the sale, George H. Wahl, one of the attorneys for the brewing company, arranged with plaintiff's attorneys to notify him of the date of the sale; that the property was worth considerably more than the amount for which it was sold to plaintiff; that, in case of a resale, it could be sold for enough to cover the second mortgage as well as the first mortgage. In opposition there were affidavits to the effect that, when Mr. Wahl called on plaintiff's attorneys, he did not say for whom he desired to be informed of the date of sale, or whom he represented; that he was wholly unknown to plaintiff's attorneys; that subsequent to such date, they endeavored to interest the brewing company to purchase at the sale, and in response to their communication in that regard were informed by such company that it had no desire to purchase at such sale; that, after so failing to interest the brewing company, plaintiff's attorneys arranged with the third mortgagee that plaintiff should bid in the property at the sale and sell the same to such third mortgagee at cost; that a paper was thereafter executed covering such agreement, such mortgagee paying $1,000 down, and agreeing to pay the balance within three months, with interest thereon at six per cent. per annum. The motion was denied, and the brewing company appealed.

For the appellant there was a brief by *Miller, Noyes, Miller & Wahl*, and oral argument by *Loyal Durand*.

For the respondent there was a brief by *Fish & Cary*, and oral argument by *John T. Fish*.

MARSHALL, J. The granting or refusing of an application to set aside a judicial sale and order a resale, as a matter of favor, rests in the sound discretion of the court. It may confirm the sale, or refuse to confirm, set aside the sale and

order a resale, in the exercise of discretion, to the end that justice may be done to all parties interested. Rorer, Jud. Sales, 231; Jones, Mortgages, § 1640. The determination of the trial court on such an application cannot be disturbed except for clear abuse of judicial discretion. Such is the well-established rule governing the subject of this appeal. *Adams v. Haskell*, 10 Wis. 123; Jones, Mortgages, § 1640; *Germer v. Ensign*, 155 Pa. St. 464. No fraud is claimed to have been perpetrated upon appellant, or unfair dealing shown. To be sure, there is the affidavit that respondent's attorneys promised to inform one of appellant's attorneys of the date of the sale, and that they failed to do so, but that is fully explained and excused. There is no question but that the sale was fairly conducted; that appellant informed respondent's attorneys before the sale that it did not desire to purchase the property; that respondent fairly purchased the property for the amount due on its mortgage, with costs and interest up to the date of the sale; that it contracted to sell the property at cost to the third mortgagee, and received upon such contract $1,000. Certainly, under such circumstances, we cannot say that the denial of appellant's motion was an abuse of discretion; hence, the order appealed from cannot be disturbed.

Following the established practice on appeals from discretionary orders, where this court is unable to conclude that the order appealed from was the result of an abuse of judicial discretion, this appeal must be dismissed.

*By the Court.*— The appeal is dismissed.