Koop, Appellant, vs. Burris and others, Respondents.

*February 2 — February 23, 1897.*

*Foreclosure: Setting aside sale.*

95   301
105  537

95   301
106  247

Where it appeared, on a motion to set aside a sale on foreclosure, that intending bidders had been misled to the prejudice of the defendants by statements of the sheriff prior to the sale, and led to believe that successful bidders would not be required to make immediate full payment in cash, and that upon a resale the premises would bring a larger sum than the amount due on the judgment, *held,* that it was not an abuse of discretion to set aside the order confirming the sale, and to order a resale, on a sufficient bond being given to secure responsible bidding of such higher price.

APPEAL from an order of the circuit court for La Fayette county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

On the 30th day of January, 1895, a judgment of foreclosure and sale was entered in the usual form. Such proceedings were thereafter had that the mortgaged premises were duly advertised for sale on the 2d day of April, 1896. The

amount then due was about $29,438. The premises consisted of about 900 acres of valuable lands, on which were several dwelling houses and other buildings. Such lands included the homestead of one of the defendants. At the sale, the lands were first offered in parcels, and, no bids being received, the same were then offered as a whole, and sold to the plaintiff for $29,595.80, which was $890.03 less than the amount required to satisfy the judgment and costs of sale.

On the 14th day of April, 1896, on due notice, a motion on the part of plaintiff was made to confirm the sale. At the same time, on like notice, a motion on the part of defendants was made to set the sale aside and order a resale, based on affidavits tending to show that, previous to the sale, the sheriff stated to persons who purposed being present as bidders that they would not be required to make their bids good by an immediate payment in cash in case of becoming purchasers, but would only be required to pay a sufficient amount to show their good faith, and would then be allowed a reasonable length of time to produce the balance; that, relying on such statement, interested parties, to whom knowledge of such statements came, prepared and caused to be printed and circulated a handbill giving information to that effect to the public generally; that, relying upon such information, a number of responsible persons attended at the sale, each prepared with an ample supply of money to pay down as an earnest of the genuineness of his bid; that, immediately after the sale was called, plaintiff's attorneys, by the consent of the sheriff, publicly announced that all bidders would be required to make immediate payment in full in cash in case of a purchase, whereupon the proposed bidders and defendants, by their attorneys, protested against such requirement, and requested a postponement of the sale for a reasonable length of time to enable bidders to be present prepared to comply with such requirement; that such

Koop vs. Burris and others.

protest and request for adjournment were supported by a statement of the facts heretofore referred to, as having been the cause of bidders being misled respecting the manner in which the sale would be conducted; that the sheriff, under the influence of and by the direction of plaintiff's attorneys, disregarded such protest and request, and proceeded with the sale, resulting as before stated; that by reason of the request for immediate payment in full, contrary to the previous understanding of the bidders, there was no bid except that of plaintiff, when, if such understanding had been carried out, the property could have been sold for in the neighborhood of $33,000; that in case of a resale the affiants would be prepared to purchase the property for a sum in excess of the whole amount due plaintiff.

Affidavits were made on the part of plaintiff, tending to show that the only statements made by the sheriff previous to the sale were to the effect that it was the custom at such sales to require bidders to pay down only a reasonable sum sufficient to show their good faith, and to allow them a reasonable length of time to produce the balance; that the sheriff did not make any positive promise that such custom would be followed at the sale in question.

When such two motions were called up for a hearing, defendants' counsel moved for a continuance of the hearing, for the purpose of enabling the defendants to furnish a sufficient bond to insure responsible bidding in case of a resale, in accordance with the affidavits presented by defendants. Such motion to continue was denied. The motions were then heard, with the result that plaintiff's motion was granted, and defendants' denied. The trial judge stated at the time, however, after announcing his decision, that on presentation of a sufficient bond, during the term, to secure responsible bidding at a resale, to the amount suggested in the defendants' affidavits, the order confirming the sale would be set aside, and a new one ordered. Thereafter,

during such term, defendants, by their attorneys, did produce in court a bond in the sum of $50,000, satisfactory in all respects to the trial judge, to insure that, in case of a resale, the property would bring not less than $33,300; and thereupon the court, on a motion which was heard on the affidavits heretofore mentioned and one additional affidavit by the sheriff corroborating plaintiff's previous affidavits, made an order setting the confirmation aside, vacating the sale, and ordering a resale, to which order plaintiff's counsel excepted, and from which this appeal was taken.

For the appellant there was a brief by *Orton & Osborn*, and oral argument by *P. A. Orton*. They argued, *inter alia*, that under the judgment the sheriff had no right to sell except for cash down, and that he had not in fact made any statement to proposing purchasers that he would do otherwise. *Hill v. Hoover*, 5 Wis. 354; *Babcock v. Perry*, 8 id. 277; *Adams v. Haskell*, 10 id. 123; *Sauer v. Steinbauer*, 14 id. 70. Courts of equity will not set aside sales except in special cases. Here was no fraud, collusion, or misconduct. Inadequacy of price is not sufficient. *Kneeland v. Smith*, 13 Wis. 591; *Allis v. Sabin*, 17 id. 626; *Meehan v. Blodgett*, 86 id. 511.

For the respondents there was a brief by *Wilson & Martin* and *D. J. Gardner*, and oral argument by *H. C. Martin* and *D. J. Gardner*.

MARSHALL, J. This appeal challenges a decision respecting a matter which was addressed to the judicial discretion of the trial court. It therefore cannot be disturbed, unless it appears clearly that such discretion was abused. The law applicable to such cases has been so often stated, and was so recently discussed in *Homestead Land Co. v. Joseph Schlitz Brewing Co.* 94 Wis. 600, that a rediscussion of the subject at this time would not serve any valuable purpose. The rule that a judicial sale should not be set aside for mere

inadequacy of price hardly applies in this case, for the trial judge had before him facts tending strongly to prove that persons who desired to purchase at the sale were misled, to defendants' prejudice, by statements made by the sheriff prior to such sale respecting whether successful bidders would be required to make immediate full payment in cash, and that, by a resale, the injury thereby done would be remedied, without any prejudice to plaintiff respecting the recovery of the amount due on the foreclosure judgment. Such being the case, we cannot say it was an abuse of discretion to make the order appealed from.

*By the Court.*— Order affirmed.