Kremer and others vs. Thwaits and another.

Kremer and others, Executors, Appellants, vs. Thwaits and another, Interveners, Respondents.

*January 12 — February 2, 1900.*

*Mortgages: Foreclosure: Confirmation of sale: Liens.*

1. A sale was had under a judgment of foreclosure of a mortgage which contained a covenant of clear fee-simple title in mortgagors, and a warranty against all claims. There was no suggestion in either the complaint, finding, judgment, or notice of sale of any prior incumbrance. The purchasers bid and paid to the sheriff a sum greater than the value of the premises after deducting prior incumbrances, under an honest and genuine mistake as to such prior incumbrances, induced in some measure by the record and foreclosure proceedings. On motion to confirm the sale, the purchasers intervened, and the sale was set aside on condition of payment of costs of the sale set aside, interest from its date to the time when a resale could be had, and $25 costs. *Held* that, while the purchasers should be held responsible for any injury which resulted to others by reason of their mistaken conduct, it would have been inequitable to confer substantial profit upon plaintiffs before the sale had become fully completed; and that relieving the purchasers from an unjust burden resulting from an honest mistake, under the conditions on which the order was granted, imposed upon the plaintiffs no injury from that mistake.

2. Where a sheriff, in ignorance of an unusual and peculiar provision of a foreclosure judgment requiring him to satisfy plaintiffs' demand before discharging tax liens, paid the tax liens before the sale was confirmed, an order providing that the sheriff should thenceforward have a lien upon the premises, superior to plaintiffs', for the amount of the taxes and six per cent. interest, results in no injury to the plaintiffs which should justify a reversal.

3. For the purpose of understanding and weighing evidence in the form of affidavits, it is not prejudicial error for the presiding judge, while a motion to set aside a foreclosure sale is pending before him, to view the premises.

Appeal from an order of the superior court of Milwaukee county: J. C. Ludwig, Judge. *Affirmed.*

A judgment having been recovered in this action for foreclosure of a mortgage which contained a covenant of

clear fee-simple title in the mortgagors and a warranty against all claims, a copy of that mortgage being attached to the complaint, and there being no suggestion in either the complaint, finding, judgment, or notice of sale of any prior incumbrance, the mortgaged property, situated in the city of Milwaukee, was offered for sale by the sheriff. The interveners, *Charles H.* and *Fred. C. Thwaits,* after examination of the judgment and record on which it was founded, bid off said property at the sum of $8,301, and paid the money to the sheriff, on the understanding, induced by the state of the record in said case and the manner of sale, that they were purchasing a full and complete title thereto. Shortly after such payment, they discovered that in fact there existed a prior mortgage on the same property of $5,000, with some $600 of accrued interest. Upon the plaintiffs moving to confirm said sale and order the proceeds paid over to them upon the judgment, which, with costs and tax liens on the property, exceeded the amount of the bid, the petitioners intervened by petition, and prayed originally that the property might be cleared from the liens out of the money paid on the sale, predicating such prayer upon an assumption that the premises themselves were offered for sale and bid upon, and not the mere equity therein. The plaintiffs resisting this petition, the interveners were permitted, by a so-called reply, to pray in the alternative that the sale be set aside, they relieved from their bid, and the amount paid by them be returned, for the reason that they had bid under a misapprehension, and misunderstanding.

After considering much evidence by affidavits, which included, among other considerations, the value of the property, supplemented by his own inspection thereof, the court found the facts substantially as above stated; also that the interveners had made their bid and paid their money under an honest and genuine mistake, in some measure induced by the foreclosure and sale proceedings, and that the prop-

erty was worth considerably less than the amount of their bid, together with the first mortgage. He accordingly ordered that the confirmation of the sale be denied, that said sale be set aside and the amount paid thereon be returned to the interveners, and that the sheriff proceed to make a new sale of the property; which order was made conditional upon payment by the interveners of the costs of the sale so set aside, of interest on the amount of plaintiffs' mortgage interest in the premises from the time of the first sale to the time when another sale could be had, amounting to $77, and $25 costs.

It further appeared that the sheriff, out of the moneys received on said sale, had discharged tax liens upon the mortgaged premises, amounting to some $450, in ignorance of an unusual and peculiar provision in the judgment requiring the sheriff to first satisfy the amount due the plaintiffs upon the judgment, and to apply to tax liens only such surplus as might remain. The court in said order provided that the sheriff should thenceforward have a lien upon said premises for the amount of the taxes so paid, together with six per cent. interest from the time of payment, which should be prior and superior to the plaintiffs' lien.

From this order the plaintiffs appealed.

For the appellants there was a brief by *Sylvester, Scheiber & Orth*, and oral argument by *Fred Scheiber*.

For the respondents there was a brief by *Rietbrock & Halsey*, and oral argument by *L. W. Halsey* and *Pierson L. Halsey*.

DODGE, J. The facts as above stated are not antagonized by any clear preponderance of the evidence. In acting thereon the circuit court was justified in exercising a very broad discretion, and, unless that discretion is clearly abused to the hurt of appellants, it will not be interfered with on appeal. *Homestead L. Co. v. Joseph Schlitz B. Co.* 94 Wis.

602; *Koop v. Burris*, 95 Wis. 301; *Veit v. Meyer, ante*, p. 530. We discover no such abuse. It must not be forgotten that the present order was made not on a proceeding to set aside a sale which had already become perfect and which the court had judicially approved by an order of confirmation, but upon a showing of reasons why the confirmation should not take place. Courts do, and properly should, refuse confirmation of a sale on less showing of inequity or impropriety than would be required to vacate or set aside one already confirmed, on the same principle that a court of equity will often refuse to render judgment upon a state of facts which would not justify it in setting it aside after it had been rendered. Rorer, Judicial Sales (2d ed.), §§ 106, 108, *et seq.;* Id. § 150; Freeman, Void Judicial Sales, § 48. The attitude of a court of equity in considering the confirmation of one of its own sales is very much more liberal than that of the same court, or of a court of law, when invoked in a suit to undo what has been brought about by mistake. It is a broad and comprehensive consideration of fairness and protection of the rights of all parties interested which should govern the court in the former case. No court is interested in perfecting an unfair or an unjust sale, whatever may be the attitude of individual parties. Freeman, Void Judicial Sales, § 48; *Strong v. Catton*, 1 Wis. 471, 494; *Hubbard v. Taylor*, 49 Wis. 68; *Koop v. Burris*, 95 Wis. 301; *Brewer v. Landis*, 111 Mich. 217.

In this case it was made apparent that the interveners had bid more than the property was worth upon a fair and honest mistake. The court was convinced that they would not have made such bid had they understood the situation; and while, of course, they should be held responsible for any injury which resulted to others by reason of their mistaken conduct, it would have been inequitable to have conferred rights of substantial profit upon the plaintiffs before the sale had become fully completed. The terms imposed protected

the plaintiffs from all loss by reason of the delay imposed on them by the postponement of sale to a later date, and protected them from any expense incurred upon the sale set aside, and, in addition, gave to them an allowance of $25 to compensate them for any additional trouble imposed on them. We are satisfied that the order in this respect accomplished substantial justice and equity, and merely relieved the interveners from an unjust burden resulting from an honest mistake, although perhaps it might have been avoided by more diligence, and that it suffered to be imposed upon the plaintiffs no injury resulting from that mistake.

Much the same considerations apply to the order establishing a lien in favor of the sheriff for the taxes paid by him in misapprehension of the direction of the judgment. While, probably, the showing would not have been sufficient, in a suit by him for that purpose, to have entitled him to subrogation for the taxes so paid, yet no injury or prejudice results to the plaintiffs from the transaction. The land is under no greater burden, prior to the plaintiffs' mortgage, than it was before; indeed, the burden is, in a measure, lightened as the interest is reduced from the statutory fifteen per cent. to six per cent. We are satisfied no injury has thereby been done the plaintiffs of which they have a right to complain, or which should justify a reversal of the order.

Some complaint is made for that the judge, while the matter was pending, made a personal inspection of the mortgaged premises, which he certifies materially aided him in reaching his decision. We fail to discover any prejudicial error in this circumstance. Even if, as independent information upon the subject of value, it was improper to be considered, such inspection may greatly aid the judge in understanding and weighing the evidence before him in the form of affidavits attempting to describe methods of division of the premises, and the adaptability and value of the buildings upon such subdivision. This purpose is recognized as

even justifying inspection by a jury. If necessary to sustain the order, we should not hesitate to indulge in a presumption that the information thus acquired was only so applied. Why should not the judge use his knowledge of the premises to test the force of an affidavit as to their situation and value, as well as he should use his personal knowledge of the character of the affiant to test its credibility? This is essentially the province of a trial judge.

*By the Court.*— The order appealed from is affirmed.