Veit vs. Meyer and others, Respondents: Engel, Appellant.

*January 12 — February 21, 1900.*

*Mortgages: Foreclosure: Setting aside sale and ordering resale: Conditions to be imposed.*

1. When a sale on foreclosure has been concluded under circumstances that are unjust and inequitable to parties interested, the court should adjust the rights of the parties in accordance with principles of equity and fair dealing, and in so doing the conditions imposed should be such as fully to protect the rights of the innocent and place the parties at least in as favorable a' position as they were before the sale.

2. In such case the order setting the sale aside should not be absolute, but conditional upon the full compliance with the conditions the court imposes on the parties seeking relief; the amount of the costs and expenses of sale, and the receipts and expenditures of the purchaser, should be summarily ascertained and inserted in the order as a condition of relief; the order should provide reasonable time for payment; and in case of default, the sale should be allowed to stand.

3. Where after confirmation of a foreclosure sale the purchaser had mortgaged the premises, a resale should not be ordered without requiring a proper undertaking, to be approved by the court, to save the purchaser harmless from liability on the covenants in the mortgage and the undertaking in the note.

4. In such case the defendant should be required to make deposit or give satisfactory security that his offer to bid at a resale the amount of the judgment debt will be carried out.

APPEAL from an order of the superior court of Milwaukee county: J. C. Ludwig, Judge. *Reversed.*

On November 7, 1897, the plaintiff obtained a judgment of foreclosure and sale against the defendants for $5,776.44. On January 16, 1899, the premises were duly sold by the sheriff, and the property was bid in by one Simon Heller in the name of *Minna Engel* for $5,000. On January 28, 1899, the court made an order confirming the sale and ordering a judgment against the defendant *Willis A. Meyer* for the deficiency, $1,234.77. On March 27, 1899, *Minna Engel* exe-

cuted a mortgage to H. A. J. Upham upon the premises for
$4,000. Later the defendant *Willis A. Meyer*, and *George
Koch*, as his assignee, obtained an order to show cause why
the order confirming the sale should not be set aside. The
order was based upon affidavits showing that the mortgaged
property was worth at least $7,000; that Heller, who was
acting as agent for plaintiff, agreed with H. J. Killilea, who
had become responsible to plaintiff for any deficiency judg-
ment he might secure, to bid in said property for the amount
due on the mortgage for said Killilea; that Heller bid off
the same in the name of *Minna Engel*, who was a relative,
and who had no actual interest in said sale, but was acting
in the interest of said Heller; that, after said sale, Heller
told Killilea he would have *Minna Engel* execute a deed to
him after the sale was confirmed, but this he had refused to
do, and had instituted proceedings to collect the judgment
of deficiency; that Killilea had paid Heller $100, to be ap-
plied on the purchase price of the property, which sum he
had taken and retained. Killilea offered, if a resale was
ordered, to bid the amount due on the judgment, less the
amount due on the Upham mortgage. These affidavits were
denied by the parties mentioned, and the matter was sub-
mitted to the court. After due consideration, the court
made an order substantially as follows: (1) that the fore-
closure sale be set aside; (2) that the order confirming the
sale be set aside; (3) that the premises be resold subject to
the Upham mortgage; (4) that Simon Heller and *Minna
Engel* be examined within ten days in order to determine
the exact amount of money disbursed and received by *Minna
Engel;* (5) that within five days after said amount is deter-
mined the petitioners deposit the same with the clerk of the
court, subject to the further order of the court, to indemnify
her against loss; (6) that said sale be not had until after the
amount so determined be deposited for the protection of said
*Minna Engel;* (7) that within ten days after said resale the

sheriff pay over the amount realized thereon to await the further order of the court in said matter. From this order *Minna Engel* has taken this appeal.

For the appellant there was a brief by *Lenicheck & Lenicheck,* and oral argument by *George Kroncke.*

For the respondents there was a brief by *Fiebing & Killilea* and *Dalberg & Becher,* and oral argument by *S. W. Dalberg.*

BARDEEN, J. The application to set aside the sale was addressed to the sound discretion of the court. *Adams v. Haskell,* 10 Wis. 123; *Homestead L. Co. v. Joseph Schlitz B. Co.* 94 Wis. 600. See *Kemp v. Hein,* 48 Wis. 32.

We see no reason for disturbing the court's conclusion on the facts. If the court believed the statements of the petition and the accompanying affidavits, Heller was guilty of a gross breach of good faith, and the sale ought not to stand. When a sale has been concluded under circumstances that are unjust and inequitable to parties interested, a court of equity will not hesitate to seize it with a strong hand, and adjust the rights of the parties in accordance with the principles of equity and fair dealing. In so doing, however, the court must compel him who seeks equity to do equity. The condition imposed should be such as to fully protect the rights of the innocent, and place the parties at least in as favorable a position as they were before the sale.

In this case the court made an order setting aside the sale absolutely. It directed an examination to ascertain "the exact amount of money disbursed and received by said *Minna Engel* in said matter," and then directed the petitioners to pay the sum to the clerk of the court within five days. The sale was stayed until such deposit was made, and the sale, when made, was to be subject to the mortgage executed by appellant to Upham. No provision was made to protect her from her covenants in the mortgage or from

her undertaking on the note. The plan adopted does not meet with our approval. In the first place, the order setting the sale aside should not have been absolute. It should have been made conditional and dependent upon full compliance with such conditions as the court might impose upon the parties seeking relief. The present order might have the effect to postpone the sale for an indefinite period. Obviously, it was for the interest of appellant to have the matter settled without delay. The court should have summarily ascertained the amount of the costs and expenses of the sale and the receipts and expenditures of the appellant, and the proper amount should have been inserted in the order as a condition for relief. The defendants should have been given a reasonable time to pay, and, in case of default, the sale should have been allowed to stand. Again, the order was improvident in not properly protecting appellant's rights as against the Upham mortgage. A resale should not have been ordered except on condition that defendants file a proper undertaking, to be approved by the court, to save her harmless from any liability thereon. We suggest, also, the propriety of requiring the defendants to make some binding offer that in case of sale the amount of the judgment debt will be bid. Being in court asking favors, it would be no more than proper to require them either to make deposit or give satisfactory security that the offers made will be carried out at the resale. For these reasons the order appealed from is reversed, and the cause is remanded with directions to enter an order in accordance with the suggestions herein made.

*By the Court.*— So ordered.