John Paul Lumber Co. vs. Neumeister and others.

JOHN PAUL LUMBER COMPANY, Appellant, vs. NEUMEISTER and others, Respondents.

*February 28 — March 20, 1900.*

*Mortgages: Setting aside foreclosure sale: Inadequacy of price due to mistake: Discretion.*

While mere inadequacy of price is not a sufficient ground for setting aside a foreclosure sale, such inadequacy may be considered in connection with any mistake, inadvertence, misapprehension, fraud, or misconduct which prevented persons from bidding at the sale a much larger price; and the setting aside of the sale under such circumstances, being a matter resting in the sound discretion of the trial court, will not be disturbed except for an abuse of such discretion.

APPEAL from an order of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Affirmed.*

For the appellant there was a brief signed by *Higbee & Bunge,* and oral argument by *E. C. Higbee.*

For the respondents there·was a brief by *Bleekman, Bloomingdale & Bergh* and *C. L. Hood,* and oral argument by *Mr. A. E. Bleekman* and *Mr. Hood.*

CASSODAY, C. J.  This is an appeal.from an order dated September 26, 1899, refusing confirmation of the sheriff's report of sale made July 29, 1899, on the judgment of foreclosure of a mortgage executed by *William Neumeister* and wife November 3, 1891, to Bertha Gessler for $3,000, entered June 11, 1898, and setting aside the sale upon condition that *Neumeister* pay $100 costs and give an undertaking, with sufficient sureties, in the sum of $7,500, conditioned that upon the resale of the mortgaged premises he would furnish a responsible bidder or bidders who would bid the amount of the judgment, with interest and costs of sale. It appears from the record that the circumstances of the parties interested in the sale, and connected with the property covered by the mortgage, are to the effect that that mortgage covered four forty-acre lots and one thirty-acre lot; that two of the forties fronted on the public highway,—one known as the "homestead forty," and the other as the "grand-stand forty," and that the other three pieces of land were immediately back of them, and only accessible to the highway over them; that January 4, 1895, *William Neumeister* and wife, in order to improve the property, borrowed $5,000 of one Frank P. Hixon, and, to secure the repayment thereof, gave him a mortgage upon the five pieces of land mentioned, subject to the Gessler mortgage, and another forty immediately back of them; that in 1897 the plaintiff, *John Paul Lumber Company,* obtained title to the grand-stand forty under lien proceedings for materials furnished in 1895–96, subject to both mortgages, and, in addition, got a large judgment for deficiency against *William Neumeister;*

that in 1897 Hixon foreclosed his mortgage mentioned, and assigned the judgment of foreclosure and sale to one William H. Tarbox, who continued to hold the same in the interest of the plaintiff, *John Paul Lumber Company;* that July 29, 1898, the plaintiff, *John Paul Lumber Company,* obtained title to the homestead forty, subject to the Gessler and Hixon mortgages, under and by virtue of a sheriff's sale on the foreclosure of a mechanic's lien upon a judgment entered May 4, 1897, for $1,773.37; that thereafter Nicholas Kaiser purchased and obtained title to the plaintiff's right and interest in the homestead forty, and paid therefor $2,100; that April 28, 1899, Kaiser sold and conveyed his interest in the homestead forty to *William Neumeister,* receiving therefor a payment of $900, and taking back a note and mortgage for $1,100; that the foreclosure judgment of the Gessler mortgage directed that the three back pieces of land should be first sold, that the grand-stand forty should be next sold, and that the homestead forty should be last sold; that *Neumeister* was dissatisfied with such order of sale, as there was no way of getting from the highway to the back pieces of land, except over the grand-stand forty, and hence that they should be sold with that forty, and so proposed to appeal from that judgment to this court; that he went so far in perfecting his appeal as to cause the court to fix the amount of the bond necessary to stay proceedings on the sale at $1,800, and executed what he supposed to be such a bond, and the same, with notice of appeal, was duly served July 28, 1898 (being the day prior to the proposed sale), but, through some inadvertence or mistake of the clerical force in the office of his attorneys, the undertaking was not conditioned to pay "any deficiency" which might arise on such sale, not exceeding the sum so fixed by the court, as required by sec. 3057, R. S. 1878; that neither he nor his attorneys learned of the mistake until after the sale had taken place, and hence they were not prepared to bid on the

sale; that he and his attorney and Nick Kaiser attended at the sale and objected to the same being made, claiming that such sale had been stayed; that in pursuance of the judgment on the Gessler mortgage the three back pieces therein described were first offered for sale, and struck off to Nick Kaiser for $3,600, but as he was unable to pay the money at the time they were resold to the plaintiff, *John Paul Lumber Company*, for $1,000; that the grand-stand forty was next offered for sale, and bid in by the plaintiff, *John Paul Lumber Company*, for $2,000; that the homestead forty was last offered for sale, and struck off to Nick Kaiser for $7,550, but, as he was unable to pay down more than $1,900, it was resold, and bid in by the plaintiff for $2,000; that out of the proceeds of such sales the sheriff paid $139 attorney's fees, and took out his own fees, $40.25, and paid the amount due for principal and interest on the Gessler foreclosure, $4,405.20, and paid the balance, of $405.20, into court. The showings of the defendants tend to prove that the grand-stand forty was worth $8,000, and that all five pieces of land covered by the Gessler mortgage, and so sold by the sheriff, were worth from $18,000 to $26,000.

As contended by the appellant, it is well settled that mere inadequacy of consideration is not a sufficient ground for setting aside a foreclosure sale. *Meehan v. Blodgett*, 86 Wis. 511. But such inadequacy of price may be considered in connection with any mistake, inadvertence, misapprehension, fraud, or misconduct which prevented persons from bidding at the sale a much larger price. *Strong v. Catton*, 1 Wis. 471; *Kemp v. Hein*, 48 Wis. 32; *Hubbard v. Taylor*, 49 Wis. 68. The granting or refusing of an application to set aside such sale and order a resale, as a matter of favor, rests in the sound discretion of the trial court; and its determination will not be disturbed, except for a clear abuse of such discretion. *Homestead L. Co. v. Joseph Schlitz B. Co.* 94 Wis. 600. Acting upon such principle, this court has

recently and repeatedly sustained orders setting aside such sales and ordering resales. *Koop v. Burris,* 95 Wis. 301; *Veit v. Meyer,* 105 Wis. 530; *Kremer v. Thwaits,* 105 Wis. 534. It is unnecessary to add anything to the discussions contained in these cases. The rights and interests of the respective parties are somewhat complicated. After careful consideration, we are all satisfied that there was no abuse of discretion in this case.

*By the Court.*— The order of the circuit court is affirmed.