PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent, vs. CUTTONE, Appellant.

*January 12—February 15, 1938.*

For the appellant there was a brief by *Albert M. Kelly* of Milwaukee, attorney, and *Vito B. Cuttone* of Chicago, Illinois, of counsel, and oral argument by *Mr. Kelly*.

For the respondent there was a brief by *Roehr & Steinmetz* of Milwaukee, and oral argument by *C. Steinmetz, Jr.*

MARTIN, J.  Judgment of foreclosure was entered on July 12, 1933, in the sum of $38,431.02, and fixed the redemption period at fifteen months, upon condition that the defendant apply all net rents, first, to taxes, and, second, in payment of interest.  Upon expiration of the redemption period plaintiff moved for an order setting the time and place of sale.  At the hearing on this motion defendant asked for an extension of the redemption period.  The court granted an extension for one year, upon condition that defendant pay the plaintiff the sum of $2,305.86, being one year's interest on the judgment.  This sum was paid out of the rents received.  At the expiration of the second period defendant requested a further extension.  It appears that this last motion for an extension was made in October, 1935, and after commencement of publication of the notice of sale.  Upon the hearing of this last motion the court entered an order adjourning the sale to October 26, 1936.  The order adjourning the sale provides:

"That with the exception of the period of redemption provision, all terms and conditions of the original judgment remain in full force."

This continued in force the obligation to apply net rents to taxes and interest and render accounts monthly. It appears that subsequent to October 26, 1936, further delay was occasioned by proceedings commenced by defendant in the federal court in Chicago. The nature of these proceedings does not appear. However, it does appear that such proceedings were dismissed by the court for lack of jurisdiction. A sale of the mortgaged premises was finally held January 11, 1937, at which time plaintiff made a bid in the sum of $46,695.88, subject to taxes. So far as appears plaintiff was the only bidder. The sheriff accordingly made his report of sale in the usual form. On January 12, 1937, plaintiff moved for an order confirming the sheriff's report of sale and sale. Shortly thereafter plaintiff's attorney discovered that the payment of $2,305.86, representing the item of one year's interest on the judgment which defendant had paid as a condition for a one-year extension of the redemption period, had not been credited upon the judgment, with the result that at the sheriff's sale, the bid on behalf of the plaintiff was in the sum of $46,695.88, whereas, the actual amount due was $44,390.02, the difference being the item of interest which defendant had paid upon the judgment. Plaintiff thereupon applied to the court and obtained an order directing defendant to show cause why an order should not be entered setting aside the sheriff's report of sale and directing a resale of the premises. Defendant then moved that the sale be confirmed. Plaintiff's order to show cause and defendant's motion that the sale be confirmed were set for hearing, testimony was taken, and the order in question was entered.

Appellant contends that the court erred in ordering, (1) that the sale of the premises and the sheriff's report of sale be set aside; (2) that the plaintiff be relieved of its bid; (3) that a resale of the premises be had; (4) that the motion of the appellant that the sale be confirmed be denied;

(5) that the defendant, Bessie H. Cuttone, render an account of the rents received and the disposition thereof, beginning with July 1, 1936, up to and including the 1st of May, 1937.

The assignments will be considered collectively. It will serve no useful purpose in this opinion to review the cases in this and other jurisdictions relative to the power of the court in equity actions to relieve a party from just such mistake as here disclosed. The plaintiff intended making a bid for the amount due on its judgment, subject to taxes. It appears that the sheriff had prepared a statement of the amount due as of date of sale. It appears from the affidavit of plaintiff's attorney that plaintiff did not want a deficiency judgment, that he intended bidding the full amount due as shown by the sheriff's statement, and that as soon as he discovered the mistake in his bid, he promptly moved for the relief indicated. In *Homestead Land Co. v. Joseph Schlitz Brewing Co.* 94 Wis. 600, 601, 69 N. W. 346, the court said:

"The granting or refusing of an application to set aside a judicial sale and order a resale, as a matter of favor, rests in the sound discretion of the court. It may confirm the sale, or refuse to confirm, set aside the sale and order a resale, in the exercise of discretion, to the end that justice may be done to all parties interested. Rorer, Jud. Sales, 231; Jones, Mortgages, § 1640. The determination of the trial court on such an application cannot be disturbed except for clear abuse of judicial discretion." *John Paul Lumber Co. v. Neumeister,* 106 Wis. 243, 246, 82 N. W. 144, *Kremer v. Thwaits,* 105 Wis. 534, 81 N. W. 654.

In *Kremer v. Thwaits, supra,* the court said (p. 536):

"The circuit court was justified in exercising a very broad discretion, and, unless that discretion is clearly abused to the hurt of appellants, it will not be interfered with on appeal."

The appellant relies principally upon the rule stated in *Radke v. M. Winter Lumber Co.* 114 Wis. 444, 90 N. W.

454. We do not regard that authority as applicable to the facts in the instant case. There the proceedings were brought after confirmation and after the premises had been sold by the purchaser at the sale to a third party. It was practically impossible in that case to place the parties in *status quo*. The court held that plaintiff was guilty of laches and denied relief. The trial court had all the facts before it. The granting or denying relief was within its discretion. We cannot say that there was an abuse of discretion. Upon the authorities cited, the order must be affirmed.

*By the Court.*—Order affirmed.